As the case stands now, therefore, the conclusion of the referee that the plaintiff is entitled to judment is unimpeachable.

The exceptions taken upon the trial appear, from the report of the case before the general term of the supreme court, not to have been there presented. They were all except one, which was grounded upon a refusal to non-suit the plaintiff, to the admission of evidence. The evidence objected to was, in each case, so clearly competent, that the defendant's counsel did well to abandon them then, as they do their whole case here, by failing to appear either to argue or submit their case.

The judgment appealed from is right, and should be affirmed with costs and an award of ten per cent upon the amount of the judgment, as damages for the delay produced by the appeal.

All affirm.

————◆◆◆————

## COURT OF SESSIONS.

## In the Matter of the Application of EDWARD BOSWELL, for a writ of *certiorari.*

On an application for a *writ of certiorari* to remove a conviction from a court of special sessions to the court of sessions, it is not a valid objection to the conviction, to state in the affidavit:

1st. That the conviction is erroneous, for there was no complaint or affidavit in writing under oath, made against the defendant *before the issuing of the warrant,* upon which he was arrested.

Matter of Edward Boswell.

It is not necessary that complaint be made in writing in any case, before the issuing of the warrant.

2d. That there was no *complaint on oath* made before his arrest and the issuing of the warrant.

Warrants issue on *examination* made by the magistrate, and not on complaint or oath, as such, and complaints are not required to be on oath, although the examination must be.

3d. That the magistrate failed and refused to reduce the testimony given, or any part thereof, *to writing.*

It was not the duty of the magistrate to reduce the testimony to writing; it was necessary for his own protection, and for other reasons besides this, he ought to have so reduced it. But the defendant could not be injured by such omission; nor could his legal rights be affected by it.

4th. That the magistrate failed and refused to note any *exceptions* made by the counsel of said defendant.

Exceptions were entirely unnecessary on the trial of this defendant. Any erroneous ruling of the justice whatever, against the objection of the party, would have been sufficient to bring the error to the notice of the appellate court. Besides formal exceptions are never taken in any court not of record.

5th. That said trial, examination, conviction and sentence of said defendant, took place and were had in a *private room*, and not in public, nor in the usual court room of the magistrate, and without the consent of the defendant.

A trial is not necessarily not public, because it is conducted in a private room, or is not in a court room. The trial in this case, was conducted in a room adjoining part of the regular court room of the justice in the city hall, and is used for public purposes: it being in fact the office of the justice, in a public building, furnished to him by the public for the transaction of public business.

The statute providing that the sitting of every court in this state shall be public, and every citizen may freely attend the same, was not violated in this case.

TROY, J. In the matter of the application of Edward Boswell, for a writ of *certiorari*, to remove a conviction had before a court of special sessions. Application is made to me on behalf of one Edward Boswell, to remove into the court of sessions of this county, a conviction had before a court of special sessions, on the 15th day of January instant, held by James M. Cornwell, police justice, of the city of Brooklyn, and two affidavits are presented in support of such application, one made by John S. Applegate, the attorney of the party, and the other by himself.

The affidavit of the attorney states that Edward Boswell was arrested on the 5th day of January, 1868, charged with an assault and battery upon Eliza Boswell, and that on the 15th day of January, 1868, he was tried for the offense committed, and sentenced to imprisionment for twenty days

without any fine; that the conviction is erroneous, for there was no complaint or affidavit in writing under oath, made against Boswell, before the issuing of the warrant upon which he was arrested.

2d. There was no complaint on oath made before his arrest and the issuing of the warrant.

3d. The magistrate failed and refused to reduce the testimony given, or any part thereof, to writing.

4th. The magistrate failed and refused to note any exceptions made by the counsel of said Boswell, defendant.

5th. Said trial, examination, conviction and sentence of said defendant Boswell, took place, and were had in a private room, and not in public, nor in the usual court room of the magistrate, and without the consent of the defendant.

This affidavit is made on information and belief.

The affidavit of Boswell, sworn to before the person who makes the other, states that the trial did not take place, nor was the same had in public, or in the usual court room of the justice; but was in private and in a private room, and was so had without his consent and against his wishes; that he was not requested by the magistrate to elect as to whether he would be tried by a court of special sessions, or (as he terms it) general sessions; that he had in court several witnesses who well knew the character of the complaining witness for truth and veracity and chastity, and who would, as he believes, had they been permitted to be present and testify on the examination or trial, have impeached the prosecuting witness and rendered her testimony unworthy of belief, that he is not guilty of the charge of which he is convicted.

As I have had a number of applications made to me to remove convictions had before magistrates, none of which applications were ever justified by the affidavits presented, and all of which I refused, and as there seems to be a prevailing opinion that all such convictions can be removed, as a matter of course, I desire, by calling attention to the stat-

ute upon this subject, to correct this erroneous supposition.

The law provides that a writ of *certiorari*, to remove into the supreme court a conviction had before a court of special sessions, may be allowed on the application of the party convicted by any justice of the supreme court, or by any officer authorized to perform the duties of such justice in vacation.

That the party desiring such *certiorari*, or some one in his behalf, shall apply for the same within ten days after such conviction shall have been had, and shall make an affidavit specifying the supposed errors on the proceeding or judgment complained of.

It is further provided that if the officer to whom application for such *certiorari* shall be made, shall be satisfied that any error has been committed in the proceedings, or the judgment, he shall indorse upon the writ his allowance thereof, and certify the affidavits upon which it was allowed. But when the trial was by jury no *certiorari* shall be allowed, upon the grounds that the verdict was against evidence. The law goes on further to provide for the service and return of the writ, manner of proceeding, staying proceeding, bailing, &c.

This law is not to be found in the 5th (last) edition of the Revised Statutes, nor in Edmonds' Statutes, but it will be found in the 4th edition of the Revised Statutes, vol. 2, page 902 (*art.* 4, *chap.* 2, *part* 4, *title* 3).

This statute was repealed in 1857 (*see Laws* 1857, *chap.* 769), and in 1859 (*see Laws of* 1859, *chap.* 339), the act of 1857 was repealed, whereby the old law was restored, and the court of sessions of the several counties were given, within their respective counties, the same powers as the supreme court in such cases.

It will be seen, therefore, that before granting the writ it is necessary that the officer to whom the application is made, be satisfied that error was committed in the proceedings or the judgment, and as I understand it, if such error exists, it is his absolute duty to allow the writ; but if he is not

satisfied that any error has occurred, it is equally his duty to refuse such allowance. He has no discretionary power in the matter whatever.

1st. The first alleged error in the affidavit of the attorney in this case cannot be seriously urged, as it is not necessary that complaint be made in writing in any case before the issuing of a warrant.

2d. To the second alleged error, that no complaint on oath was made before the issuing of the warrant, it is sufficient to say that warrants issue on examination made by the magistrate, and not on complaint or oath as such, and complaints are not required to be on oath, although the examination must be. (*See Bradstreet* agt. *Ferguson,* 23 *Wend. R. p.* 639; *Payne* agt. *Barnes,* 5 *Barb. S. C. R.* 466; *Stewart* agt. *Hawley,* 21 *Wend. R.* 555; *Bradstreet* agt. *Ferguson,* 17 *Wend.* 62; *2d Rev. Stat. Edm. ed.* 729.)

It is perfectly consistent with the statement in the affidavit that "no complaint was made on oath," that a complaint was made without oath, and an examination afterwards made by the magistrate under oath. As this was the duty of the magistrate, who is a sworn officer, experienced and usually careful, I cannot suffer the presumption in favor of the legality of his proceedings to be affected by an affidavit, made as this is, on information and belief, and which sets forth no reason why it is thus made, or who furnished the information, when, if the fact really was that the justice took no such examination, a positive affidavit upon that point could easily be procured. The affidavit, however, is entirely silent as to an examination on oath previous to issuing the warrant.

It would not alter the case, so far as relates to the conviction, if the warrant had been illegally issued for the improper and unauthorized apprehension of the party. The justice might, by issuing a warrant without any proof, have rendered himself liable, both civilly and criminally; but apprehension and conviction are different and distinct stages of procedure. The mere fact that a person has been illegally apprehended,

does not exempt him, even while illegally restrained, from a legal accusation then made for the first time, or a trial and conviction upon such charge afterwards. I notice that the affidavit is very careful to use the language, *before* the issuing of the warrant. It is perfectly consistent with this statement that a sworn charge was made immediately *after*, and the very use of the word "before" would seem to imply this. The affidavit is certainly not remarkable for candor or the amount of information it furnishes.

3d. It was not the duty of the magistrate to reduce the testimony to writing, it was necessary for his own protection; and for other reasons besides this, he ought to have so reduced it. But how was the defendant injured by this? Instead of injuring him, it gave him an advantage such as seldom presents itself, and, judging from the affidavits in this case, he might have made effectual use of it. He might have taken the testimony, if the justice did not; and if it became reqisite to review it, there is but little doubt that an appellate court would compel the magistrate to return the testimony as written at the time by the defendant, in preference to the mere recollection of the justice as to what occurred. It may be that the defendant missed his advantage, and that the justice subjected himself to difficulty, but the omission (assuming the affidavit to be correct) did not affect the legal rights of the defendant, and constitutes no error of which he can now take advantage.

4th. The magistrate did not note the defendant's exceptions. This is to be regretted, as they may have been numerous, if not important. But it does not seem to have occurred to the defendant or his attorney, that the statement in his affidavit of one sound objection to the admission or rejection of testimony on the trial would be vastly more useful to him than to complain of the magistrate for not noting exceptions which he does not swear he took.

I never heard of a bill of exceptions in a court not of record. Exceptions may be reduced to writing on the trial

Matter of Edward Boswell.

of civil cases or indictments by the party taking them at the time, or entered in the minutes of the judge, and afterwards settled as provided by the rule of each court; but the judge is not under any obligation to enter them in his minutes, and it is no error if he refuses. The party even here must note his own exceptions.

Exceptions were entirely unnecessary on the trial of this defendant. Any erroneous ruling of the justice whatever, against the objection of the party, would have been sufficient to bring the error to the notice of the appellate court.

5th. A trial is not necessarily not public because it is conducted in a private room, or is not in a court room. The trial in this case was in a room joining part of the regular court room of the justice in the city hall, and is used for public purposes; it is, in fact, the office of the justice, in a public building furnished to him by the public for the transaction of public business. The defendant had counsel on the trial, " whose exceptions were not noted." It is not alleged that any person was refused admission; nor does it appear that the defendant and his counsel made any objection, although the defendant says it was against his wishes and consent. Did he intimate any wish or desire on the subject? He certainly does not say so. The statute provides that the sitting of every court in this state shall be public, and every citizen may freely attend the same. I cannot see that the statute was violated in this case; and if it was, unless it affected the defendant's rights, it forms no reason to reverse the conviction. It is evident to me that he was not excluded on the occasion, and suffered no wrong that I can ascertain from the affidavit presented.

It is a little singular that the affidavit, which professes to state what occured on the trial, is made by a person not present on such trial, and is on information and belief, while the affidavit of the defendant, who was present and must know what occurred, is entirely silent upon the subject.

It does not appear that the defendant requested to be tried

by a court of special sessions; in fact, he says this in so many words, and he omitted, from the 5th of January to the 15th, to offer bail for his appearance at the next criminal court. It does not appear that the magistrate required him to give such bail, but in the city it is unnecessary that he should do so (§ 33 *of chap.* 102, *Laws of* 1850). By the failure of the defendant to offer such bail, it became the duty of the court of special sessions to try him on the charge; and that he was properly so tried and convicted I have no doubt.

The affidavits presented to me in this case are of a negative rather than affirmative character, to say the very least that should be said about them; but in this respect I regret to say they differ very little from any affidavits presented to me as yet on similar applications. They are so drawn that no person, however unsuspicious, can read them without feeling the necessity of avoiding the construction intended to be conveyed. In the first place, it is said that the party was arrested on a charge which is distinctly specified; and yet the idea would seem to convey that no charge was made before the warrant issued. It is said that the trial took place in private, and witnesses would have testified if permitted, &c.; yet it is not averred that any person was excluded, or any witness rejected or offered on the part of the defendant. No information is furnished as to whether the defendant was arraigned on the 5th of January, when arrested, nor are we told how he pleaded.

Yet he must have been so arrraigned, and he must have pleaded not guilty; otherwise a trial would not have been had, but he would have been convicted then and there. The case must have been adjourned, for it was not tried until the 15th of January; and if, on his plea of not guilty, the case was adjourned for trial before the special sessions, it would seem rather strong evidence of an election by him to be thus tried. There is no single error mentioned as having occurred upon the trial. I am entirely satisfied that no error occurred in the proceedings, and no error in the judgment, of which

the defendant has any right to complain; for the sentence was imprisonment for only twenty days in the county jail. It is just possible that, if the defendant had elected to be tried by the next criminal court, and should be convicted, the whole penalty of the law, both fine and imprisonment, might have been inflicted; and the defendant may have reason to congratulate himself that he was not thus punished.

In fact, I am inclined to believe that it will be always better for persons charged with offenses which can be tried in the special sessions, to avail themselves of the opportunity, unless there is some good cause for adopting a different course. I am persuaded, from what experience I have had, and the practice under this statute for the removal of convictions, that applications of this description should be strictly scrutinized; and while I shall always feel a pleasure in affording an opportunity of review whenever error has intervened, it will be entirely useless to present affidavits such as are submitted to me in this case for similar purposes, as all such applications will be, like this, denied.