JAMES M. BUNDY and others, Respondents, *v.* CLARISSA M. BUNDY, Appellant.

CONSTRUCTION OF A WILL. MEANING OF TERMS "HEIRS" AND "HEIRS-AT-LAW." EXECUTORS. POWER OF THE COURT TO SUPPLEMENT UNDETERMINED PROVISIONS OF A WILL. Where the testator by the terms of the will gave to his wife and to his niece all his real and personal estate, property, assets and effects, subject to his debts; and directed his executors to convert the same into cash, etc., and invest for each of the legatees one-half of the proceeds; and gave to each the use and enjoyment of so much of the interest arising therefrom as should be necessary and proper for their respective maintenance and support; and directed, that, if the interest of their respective parts of the proceeds should not be sufficient for their respective support, a portion of the principal should be applied for that purpose, and that, in case either the wife or niece should die without heirs, the share of the one so dying, should go to the heirs-at-law of the testator's mother, — *held :*

1. That it was the duty of the executors to sell the real and personal estate of the testator, and invest the proceeds thereof, one-half for the benefit of the widow, and the other half for the benefit of the niece; and that the executors should invest as trustees for the benefit of their *cestuis que trust,* and that they, as trustees, should receive the interest and pay the same over to the party entitled.

2. That the widow and legatee, being appointed executrix, with other executors, of the will, cannot act both as trustee and *cestui que trust ;* and therefore, in respect to her estate, the other executors must take exclusive control and management of the half of the proceeds of the estate bequeathed.

3. That in respect to the half bequeathed to the niece, the widow must join with the other executors in the management and control of that half.

4. That the executors must retain the control of the estate then to be invested, under the will, and manage the same.

5. That where the will does not authorize the executors or trustees to determine the amount to be paid for the support of the beneficiary, and does not authorize the beneficiaries themselves to determine the amount, such amount must be fixed by the court.

6. That the provision in the will providing that, in case the said widow or niece "die without hers," etc., the proceeds, etc., invested for either of them so dying, should be equally distributed among the heirs-at-law of the testator's mother, referred only to the heirs of the body or lineal descendants.

SUIT brought to obtain a judicial construction of the will of Laartus Bundy, deceased, and comes into this court on an

appeal by the defendant, Clarissa M. Bundy (now Clarissa M. Travner), from so much of the judgment entered and per-fected at the General Term of the Supreme Court of the sixth district, as adjudges and determines, that the said Clarissa Bundy was and is only entitled to have her support from the legacy bequeathed to her in the last will and testa-ment of said Laartus Bundy, deceased, during her life, and if she died without heirs of her body, said legacy then should be equally divided among the heirs of the mother of the tes-tator, and if she had heir of her body, that she was then only entitled to her support from said legacy. All the other par-ties also appeal from the judgment of the General Term.

Laartus Bundy, in his life-time, made and published his last will and testament in due form of law, to pass real and personal estate, by which he bequeathed, devised, and directed as follows: "I will give and devise unto my wife, Clarissa M. Bundy, and Ellen R. Bundy, the daughter of James Bundy, all my real and personal estate, property, assets and effects, subject to my debts. I also further will and direct, that in case either the said Clarissa M. should die without heirs, or that the said Ellen R. should die without heirs, that the pro-ceeds invested for either so dying, after sale of my said property, should be equally distributed among the heirs-at-law of my mother.

"And I further will and direct, that my executors, herein after to be named, sell and convey my real estate, and con-vert my personal property into cash; also, that the said execu-tors invest the proceeds of the sale of both my real and personal property, in bond and mortgage, or other good securities. I also will and direct, that the said Clarissa M. and the said Ellen R. use respectively so much, or enjoy the use of so much, of the interest arising out of the said bonds and mortgages, or said other securities, or both, as shall be necessary and proper for their maintenance and support; and that, if the interest be not sufficient for such mainte-nance and support, then they, or either of them, shall receive funds for such support from the principal so invested.

"And I hereby will and direct, that the said proceeds from

the said real estate, and from the said personal property, be equally divided between my said wife and the said Ellen R., and that whenever the said investments are made, that they be made to each separately, or one-half to each separately, or in the name of each separately, and I hereby appoint my brother, James Bundy, the guardian of the said Ellen R.

"The above gifts, bequests, devised to my said wife, are made in lieu of dower, and I do hereby appoint said James Bundy, Oscar A. B. Bundy, my brothers, and my wife, Clarissa M., my executors of this, my last will and testament."

The above will was duly admitted to probate, proved and recorded, before the surrogate of the county of Otsego, where the testator resided at the time of his death, and letters testamentary thereon, were duly granted to the plaintiff, and the defendant, Clarissa Bundy. The testator died, leaving the said Clarissa Bundy, his widow, who also elected to take under the will in lieu of dower.

The questions which the executors submitted and asked to be judicially determined, were as follows:

1. Whether the clause in said will, which reads as follows, namely: "And I further will and direct that the said proceeds from the said real estate, and the said personal property, be equally divided between my said wife and the said Ellen R., and that whenever the said investments are made, that they be made each separately, or one-half to each separately, or in the name of each separately," when read in connection with the foregoing clauses in said will, which read as follows, namely, "I also further will and direct, that in case either the said Clarissa M. should die without heirs, or that the said Ellen R. should die without heirs, that the proceeds invested for either so dying, after sale of my said personal property, shall be equally distributed among the heirs-at-law of my mother, and I further will and direct that my executors herein after to be named, sell and convey my real estate and convert my personalty into cash; *also that the said executors invest the proceeds of the sale of both my real and personal property, in bond and mortgage, or other good security.* I also will and direct, that the said Clarissa M. and the said

Ellen R., shall use respectively so much, or enjoy the use of so much, of the interest arising out of said bonds and mortgages, or said other securities, or both, as shall be necessary and proper for their maintenance and support; and that if the interest be not sufficient for such maintenance and support, then they, or either of them, may and shall receive funds for such support from the principal so invested "— was intended by the testator to limit and confine the powers of the executors of the deceased, to simply converting the estate of deceased into money, and investing the proceeds thereof in the names of said Clarissa M. and Ellen R., and placing the same under their entire and exclusive control; or whether it was the intention of the testator by the whole will taken together, that the executors should invest the avails of said estate for the benefit of the said Clarissa M. and Ellen R., so that the same should be under the control of the said executors, to the end that the executors should use so much of the interest of the bonds, mortgages or other securities as might be necessary and proper for the benefit of the said Clarissa M. and Ellen R.; and if the interest is not sufficient, then they, or either of them, should receive funds from the principal so invested or provided by said will; and also in case the said legatees should die without heirs, that the executors should distribute the same among the heirs-at-law of the mother of the testator.

2. Whether the executors, or who, should pay the amount sufficient for the support of the said Clarissa M. and Ellen R.; and also that the court, if necessary or proper, settle and fix by its order or judgment the amount to be paid to the legatees for their maintenance and support.

3. Whether in case of the death of the said Clarissa M. and Ellen R., or either of them, the testator intended by the word "heirs" in the second clause in the will, heirs of the body, or "heirs-at-law" and next of kin; and in the case of the death of either, to whom is the estate devised and bequeathed.

The Supreme Court, at Special Term in Otsego county, adjudged,

1. That the defendant, Clarissa M., is entitled to the use of so much of the interest and principal of one-half of the estate of the testator as was necessary and proper for her maintenance and support during her natural life.

2. That the remainder of the one-half of said estate, if any remains at the decease of said Clarissa M., is given over to her heirs *generally,* and is not limited to the heirs of her body, and if she die without heirs, then the same goes and is given over to the children of the mother of the testator.

3. That the defendant, Ellen R., is entitled to the use of so much of one-half of the estate of the testator as may be necessary and proper for her maintenance and support during her natural life.

4. That the remainder of the one-half of said estate, if any remains at the decease of said Ellen R., descends, first, to the heirs of her body; and second, that in the event of her decease without heirs of her body, then that the said estate is given over to the heirs of the mother of testator.

5. That the executors of the said testator pay over the legacy equally, the one-half of the estate of deceased, due to Clarissa M., to said Clarissa M., on condition that she execute a bond to the people of this State, in a penalty equal to the amount of such legacy, with two sufficient sureties, to be appointed by the county judge of Otsego county, and duly acknowledged, to be filed in the office of the clerk of said county, conditioned to pay over to the heirs of the body of Clarissa M. if she die leaving such heirs; and if she die without such heirs, then to her heirs generally whatever may remain of said legacy at her death, after deducting the reasonable expenditures for her support and maintenance during her natural life.

6. That said executors pay over the legacy equally, the one-half of the estate of deceased, due to the said Ellen R., to the general guardian of the said Ellen R., on his giving a bond to the people of this State, in a penalty equal to the amount of said legacy, with two sufficient sureties to be approved by said county judge, and acknowledging and filing the same in the said district clerk's office, conditional to pay

over whatever may be left at the decease of the said Ellen R., after deducting the reasonable expenditures for her support and maintenance to the heirs of the body of the said Ellen R. if she should die leaving such heirs; and that in the event of her decease without heirs of her body, then to the heirs of the mother of the testator.

7. That in case the said legatees, or the guardian of the said Ellen R., should neglect or refuse to give the bond as required, etc., within a resonable time, after notice of this judgment, the legacy of the party thus neglecting or refusing is ordered to be paid into court, that further direction may be given for the disposition of the same.

8. That the plaintiffs in this action be paid their costs out of the funds in their hands as such executors, etc.

All the parties to the action, both plaintiffs and defendants, appealed from the judgment of the Special Term, to the General Term, where the judgment of the Special Term was modified in accordance with the opinion of BALCOM, J., which is as follows:

After reciting the will, Judge BALCOM proceeds:

"The testator had no child, nor has his widow, Clarissa M., any child. His widow is a little over twenty-eight years of age, and Ellen R. Bundy is a little over thirteen years old. The latter is a niece of the testator.

"The plaintiffs as executors, and the widow as executrix, of the will, have converted the real and personal estate left by the excutor into money, and have paid his debts; and they have about six thousand dollars remaining of the proceeds of the estate. They desire to know what they shall do with this money, and all the parties ask for information from the court as to their rights under the will in question.

"The widow of the testator, accepted the 'gifts, bequests, and devises' to her in lieu of dower; and she has acted as executrix of the will with the plaintiffs as executors."

"It is clear that the first clause of the will is qualified by subsequent ones in it, if the language of the latter shows that the testator intended to qualify the former, and no argument

is necessary to prove such was his intention. (See 3 Kern. 273; 16 N. Y. 83.)

"The widow has the right by the will to use and enjoy so much of the interest, or interest and principal of one-half of the surplus money or proceeds of the estate of the testator now in the hands of the executors and the executrix, as shall be necessary and proper for her maintenance and support during her life. And Ellen R. Bundy has the right by the will to use or enjoy so much of the interest, or interest and principal of the other half of such money or proceeds as shall be necessary and proper for her maintenance and support during her life. But neither the widow nor Ellen R. is constituted the judge as to how much of the interest, or interest and principal of half that money or proceeds shall be necessary and proper at any time for her maintenance and support. Hence the clause in the will declaring, that if either should die without heirs, the share of the proceeds of the estate invested for the one so dying, shall be equally distributed among the heirs-at-law of the testator's mother, is valid; and neither the widow nor Ellen R. is entitled to half of such proceeds absolutely, without limitation or restriction. But each could take half of those proceeds absolutely, if the will authorized them to use and enjoy the interest thereon, and principal as they shall deem necessary and proper, for their maintenance and support, and in that case the limitation over to the heirs-at-law of the testator's mother, would be void. (3 Kern. 273; 22 N. Y. 558.) It follows, that the heirs of the testator's mother have a contingent interest, by the will, in the surplus money or proceeds of the estate.

"In the second clause of the will, the proceeds of the estate are mentioned as being invested for either the widow or Ellen R. In the third clause, he directs his *executors* to invest the proceeds of the sale of both his real and personal property, in bond and mortgage, or other good securities. In the fourth clause, he speaks of his widow and Ellen R. receiving funds for their support from the principal so invested; and in the fifth clause, he declares that whenever the said investments are made, that they be made to each

separately, or one-half to each separately, or *in the name* of each separately. He nowhere directs or intimates that his widow, in her individual capacity, or Ellen R., shall invest any of the proceeds of his estate; and I am of the opinion, the intention of the testator, as manifested by his will, was that his executors and executrix, should retain in their hands the proceeds of his estate, after paying his debts; and that in their representative characters, and as trustees, they should invest one-half of such proceeds separately, as the funds of his widow, and the other half of such proceeds separately, as the funds of Ellen R., and that in their representative character, and as trustees, they should receive the interest on said investments, and pay over from time to time, to his widow such portions of the interest, or interest and principal, invested as her money, as shall be necessary and proper for her maintenance and support; and that in the same capacity they should pay over from time to time to Ellen R., such portions of the interest, or interest and principal, invested as her money, " as shall be necessary and proper for her maintenance and support;" and that the executors in their representative characters, as trustees, should keep a separate account of the funds invested for the widow, the interest received therefor, and of the money paid over to her; and that in the same capacity they should keep another and separate account of the funds invested for Ellen R., the interest received therefor and of the money paid over to her.

" If the widow or Ellen R. were to take one-half of the proceeds of the estate under her own control, the direction in the fifth clause of the will, that each half shall be invested separately whenever an investment is made, was unnecessary, and the direction in the third clause, that the executors invest the proceeds of the estate, might as well have been left out of the will.

" There is no legal difficulty in giving effect to the intention of the testator, as to the powers and duties of the executrix and executors of the will, except that the executrix cannot act as trustee for herself—cannot be both trustee and *cestui que trust.* But this may be avoided without materially

thwarting the designs of the testator, by the executors taking exclusive control of the half of the proceeds of the estate which are to be invested as the funds of the widow. And I think the executors should be empowered and directed to do that. But the widow, as executrix and trustee, should act with the executors, in respect to the other half of such proceeds which are to be invested as the funds of Ellen R. (2 Barb. Ch. 211; 2 Paige Ch. 122; 8 id. 152; 22 N. Y. 558.)

"The will does not constitute the widow or Ellen R. the judge as to how much of the interest or principal of the proceeds of the estate of the testator 'shall be necessary and proper' at any time for her maintenance and support; nor does the will authorize the executors, as such, as trustees, to determine the amount of interest or principal that should be paid to either of them, at any time for her necessary and proper maintenance and support.

"The will being silent on this question, such amount must be fixed by the court. The court should now direct the executors and trustees to pay over to Ellen R., or to her guardian, the interest from time to time that shall accrue, after the entry of judgment, in conformity with this opinion, on the half of the proceeds of the estate that shall be invested as her funds; and to pay over to the widow the interest from time to time, as she may want it, that shall accrue after the entry of judgment as aforesaid, on the other half of such proceeds invested as her funds. Leave should be given by the judgment to the widow or to Ellen R., to apply to the court from time to time, on due notice to the executors and trustees, for orders for the payment to the one making the application of interest that has accrued, or that may accrue on the proceeds invested, or to be invested as her funds, or for orders for the payment over of both such interest and principal at the same time.

"The provision in the will, directing that in case either the widow or Ellen R. should die 'without heirs,' the proceeds invested for either, so dying, shall be equally distributed among the heirs-at-law of the testator's mother, must be

construed, by looking at all parts of the will, and by the light of circumstances, that probably influenced the testator at the time of its execution.

" The testator says, if his widow, Clarissa M., or his niece, Ellen R., should die without heirs, the proceeds invested for either so dying, shall go to the heirs-at-law of his mother. It is clear that all heirs of the mother, whether descendants or collateral relatives, are here referred to. I am of the opinion, that, where speaking in the will of the heirs of Clarissa M. and Ellen R., he used the word ' heirs ' in a restricted sense, and intended only ' the heirs of their body,' lineal descendants. He does not say, ' if either should die without heirs-at-law,' but ' if either should die without heirs,' his estate shall be distributed so and so. It is not at all probable that he loved the father or mother of Ellen R. more than he did any other brother, or any other sister; or that he was any more attached to the father, mother, brothers, or sisters of his wife, than to his relations by blood. The probabilities are to the contrary. The ages of Carissa M. and Ellen R. were such that either might have children, and if they should, his desire was that his property should eventually pass into the hands of such children. But the contingency of the death of either Clarissa M. or Ellen R., without any heirs-at-law, in a collateral line, was so extremely remote, it is hardly possible to contemplate it.

" The rule is established, that where the word ' heirs' is used in a will so as to mean children or descendants, it is the duty of the court to give it that meaning, in construing the will. (*Norris* v. *Bergea*, 3 Kern. 280.) I am of the opinion, therefore, that the second clause of the will in question should be construed to direct, that in case either Clarissa M. or Ellen R. should die without issue or heirs of her body, that the proceeds of the estate invested for either so dying — if any be so left — shall be equally distributed among the heirs of the testator's mother.

" The judgment appealed from should therefore be modified and changed in conformity with the foregoing views; and that the taxable costs of all parties to the appeal should be

paid by the executors and executrix, out of the funds of the estate in their hands."

MASON, J., dissented from the foregoing opinion of Justice BALCOM, so far as it is in conflict with the decision of the Special Term.

Justices PARKER and BOARDMAN concurred in the foregoing opinion, except they think that the executors and executrix named in the will, should be required to give security, to be approved by a justice of the Supreme Court, for the faithful execution of their duties and trusts as executors and executrix and trustees, under and pursuant to the judgment to be given in conformity with the foregoing opinion; and they also think the judgment should require that such security be given.

The opinion was so modified, and judgment was given accordingly.

*George Brooks*, for the respondents.

*S. Crippen* and *H. A. Nelson*, for the appellant.

GROVER, J. The questions arising upon this appeal, relate only to the rights of Mrs. Travis, acquired under the will of Laartus Bundy, her former husband. The first inquiry is, whether she takes one-half of the estate absolutely, or whether the devise thereof to the heirs, as provided by the will upon her decease, is valid. It is clear that such devise to the heirs is valid, unless the power of disposition of the one-half is given by the will to the appellant. (*Norris* v. *Bryen et al.*, 13 N. Y. 273; *Tyron* v. *Blake*, 22 N. Y. 558.) The power of disposition of the property by the appellant, is claimed from the following clause of the will: "I will also and direct, that the said Clarissa M. and the said Ellen R. (the devisee of the other half of the estate), use respectively so much, or enjoy the use of so much, of the interest arising out of the said bonds and mortgages, or said other securities, or both, as shall be necessary and proper for their maintenance and support, and that if the interest be not sufficient for

such maintenance and support, then they, or either of them, shall receive funds for such support from the principal so invested." It is argued by the counsel for the appellant, that the entire principal may be exhausted for the necessary support of the appellant. This is true, but this is not sufficient. The power of disposing of the entire fund is not established unless the appellant is herself to determine the amount necessary for that purpose. This power is not given to her by the will, and, consequently, the amount is to be otherwise determined, and she has no power of disposition over any portion of the fund except what shall be paid to her pursuant to such determination. It follows, that, in the event of the death of the appellant without heirs, as expressed in the will, the devise to the heirs-at-law of the testator's mother will take effect. This brings us to the question whether the testator used the term "heirs" in its ordinary general sense, including collateral as well as lineal heirs, or whether including only the latter. The presumption is, that it was used in the former sense, that being the appropriate meaning, and this presumption must be adopted unless it clearly appears from the will, and the extrinsic facts known to the testator, that it was used by him in the restricted sense. In the same clause of the will in which the word is used as applicable to the appellant, the same word to effectuate the same purpose is used by the testator in reference to the devise to his niece, Ellen R. Bundy. As applied to the latter devise, it clearly appears to have been used by the testator in its restricted sense, and as including lineal heirs only as the devise over is to the heirs-at-law of his mother, who would be heirs of the will, others failing if the word is to be understood in its general sense. (*Norris* v. *Bryen, supra.*) This shows that the testator understood by the word "heirs," lineal descendants only. He used the same word in limiting the devise over of the property given to the appellant in the same clause of the will, and the presumption is that he used it in the same sense. This presumption is confirmed by the extrinsic facts. The appellant was only twenty-eight years of age, and there was no improbability in supposing she

would have issue. .It also appears, that the appellant had a father, mother, and several brothers and sisters living, and it is highly improbable that the testator contemplated an entire failure of heirs of a person so situated in her life-time, as the contingency upon which his devise over should take effect. This presumption is further strengthened by the fact, that in the devise over, the testator in designating the objects of his bounty, used the words "heirs-at-law of his mother." This shows that he understood the latter words as more comprehensive than the word "heirs," and as including a class of persons not included in that word. My conclusion is, that the testator used the word "heirs" in the same sense in limiting the devise over of the appellant's portion that he did in regard to his niece, and that he intended thereby, descendants of the body of each only. The judgment provides, that the executors upon giving proper security shall continue in charge of the fund. In this there is no error. The will not having designated a trustee for this purpose, it was competent for the court to appoint a trustee. This may be regarded as such appointment. The judgment appealed from must be affirmed, with costs of respondent, to be paid out of the fund.

All affirm except Mason, J.

Judgment affirmed.