Peckham, J.
The testator, after having given a life estate to his wife in all'his real estate, in the seventh clause of his will provides as follows: “ From and after the decease and death of my beloved wife, I give and bequeath all my real estate then being * * * * to all my children and to their heirs and assigns forever, to be equally divided, share and share alike; and should any of my children die and leave lawful heirs, such heirs to receive the portion that their parent would have been entitled to, had such parent lived; viz., after the death of my beloved wife, I give to my son John A. Livingston, one equal share,” and so on, naming all his eleven children.
In the ninth clause he declares that “ on the event happening of the death of my wife, and on a division of my estate in equal shares amongst my children as named in the seventh section of this my will, I hereby declare such shares to be an *123 estate in fee to them and their heirs and assigns; and they or either of them are empowered to give good and sufficient deeds for his, her or their shares of my real estate.”
It cannot be denied that the children of the testator, under this will, took a vested remainder in his real estate at his death.
The common-law and the statute definition of a vested remainder are both satisfied with this provision. (4 Kent, 202; 1 R. S., 723, § 13.)
It is said that the law favors vested rather than contingent remainders. This was so at common law for a reason that has long ceased to exist in this State.
The reason was that, if contingent, it was in the power of the life estateman to defeat the remainder by a fine or a feoffment. (Ives v. legge, 3 Tr. R., 488, note; 4 Kent, 204, and note.)
But the rule seems still to prevail. (2 Wash. on Real Prop., 510; 4 Kent, 204.)
The words “ after” and “ upon the death of my wife,” and like words, do not make a contingency, but merely indicate when the remainder shall take effect in possession—the commencement of the enjoyment of the estate. Moore v. Lyons, 25 Wend., 119, is an authority covering this whole case. (4 Kent, 203, and note; Doe v. Provoost, 4 J. R., 61; Boracton’s Case, 3 Coke R., 19; 2 Cr. Dig., 295; Meyer v. Eisler, 29 Md., 31.)
1 Several of the children of H. A. Livingston, the testator, died before his widow, but neither of them left any children. His children all survived the testator.
But it is claimed that, in looking at all the provisions of the will, it was the intention of the testator that his children so dying before his widow should take no estate; that if they took a vested remainder at testator’s death, still it was defeated by their death before the widow.
The case of Moore v. Littel (41 N. Y., 66) is cited to sustain this position. It fails to do so. There the estate was defeated by the death of one who would have been an heir *124 of the particular estate made, had he survived. But he died during the existence of the particular estate, and hence never became an “ heir.”
In that case the devise was to Jackson during his natural life; and after his death, then “ to his heirs,” etc., forever.
In regard to the purpose of this will it will not do to depart from well settled rules of construction; from 'the meaning which authorities, well considered, have attached to the language ; the same language, in substance, here employed.
The language used in the seventh clause, “ should any of my children die and leave lawful heirs,” in the absence of other controlling provisions, refers to a death in the lifetime of the testator. (Moore v. Lyons, 25 Wend., 119, and cases there cited; Rose v. Hill, 3 Burr., 1881; Converse v. Kellogg, 7Barb., 590.) There are no other provisions in the will at war with this. But there is no occasion for the application of any such rule.
By the seventh section of the will a vested remainder had been clearly created in his children; and if the death of any of his children had referred to their death after the testator’s and before his widow’s, it was a death leaving heirs, that is, leaving children. (Bundy v. Bundy, 38 N. Y., 410.) Bo such case has occurred. They all died without leaving children, that is, heirs within the meaning of this clause; hence, the title over was not defeated. This is clear. (Jenkins v. Van Schaack, 3 Paige, 242; 1 Jar. on Wills, 783; Clarke v. Johnston, 8 Blatch., 557.)
The ninth section is by no means at war with the seventh, The ninth is speaking of the absolute fee, and states -that the children may then convey such a fee. It is clear they could not convey such a fee before.
The judgment should be affirmed.
All concur.
Judgment affirmed.