KIAH v. GRENIER *et al.*

*Will — construction of — suspension of power of alienation — meaning of "heir" — costs on cross appeal.*

The testator, by the second clause of his will, gave all his property, real and personal, to his executors in trust for the support and education of an illegitimate son, but not to be sold or conveyed. By the third clause he directed the property, after the decease of the son, to go to such son's heirs, when they should become of age, and if he died leaving no heirs or widow to go to testator's neice. By the fourth clause he directed, if said son should die leaving widow, heir or heirs, that the widow, heir or heirs should have the use of the property during her widowhood and while the heir or heirs should live, and that after her death or marriage, and after the decease of the heirs, if any, of his adopted son, the property should go to testator's niece.

*Held,* that a brother of testator, he having left surviving no father, mother or child, could maintain an action for the construction of the will.

*Held,* also, that the provision in the second clause was valid, and created a trust to receive the rents and profits of testator's estate, and apply them to the use of the illegitimate son during life. The provisions in the third and fourth clauses, in respect to the widow and heirs of the illegitimate son, were invalid by reason of an unlawful suspension of the power of alienation.

By the word "heir" the testator meant the heirs of his son's body, not heirs generally. The niece took the remainder of the estate, after the life estate of the son, contingent upon the death of such son without widow or heir of his body surviving, and that contingency failing the estate passed, after the death of the son, to the heirs and next of kin of testator.

Costs of appeal refused when all parties have been unsuccessful on a cross appeal.

THIS action was brought for the construction of and adjudication upon the last will and testament of Alexander G. Cadier, who died. January 22, 1871, at Ogdensburg, N. Y., leaving the plaintiff and the defendants, named Kiah (Kiah and Cadier are the same name spelled differently by different persons), his brothers, and Josette Grenier, his sister, surviving.

The defendant, Rosa Grenier, was his niece, and Louis G. Cadier his illegitimate son by the defendant, Delia Jerby, the mother of the defendants named Jerby, and was an infant and unmarried at the time of the death of the testator. The said defendant, Rosa Grenier, was appointed administratrix, with defendant, Merriam, with the will annexed, by the surrogate of said county, after the renunciation of the executors named in the will, and the said Merriam was appointed trustee in place of Seymour and Rosseel, trustees named in said will, by an order of this court.

All the defendants appeared and answered, and the case was tried before Mr. Justice Bookes, at special term, March, 1873.

The will is as follows :

"First. After all my lawful debts are paid and discharged, I give and bequeath to my niece, Rosa Grenier, who has resided with me for several years, $4,000, to be paid by my executors within two months after my decease.

" Second. I devise and bequeath all the rest of my property, both personal and real, to John F. Rosseel and George D. Seymour, of Ogdensburg, in trust for my adopted son, Louis G. Cadier, to be used and held for his support, education, improvement and benefit, but not to be sold or conveyed.

" I further devise, bequeath and direct that after the decease of my adopted son, in case he shall leave any heirs, that then my property, both personal and real, go to said heir or heirs, absolutely when they shall become of age ; and in case the said Louis G. Cadier shall die, leaving no heirs or widow, then all my property that remains, both personal and real, I devise and bequeath to. my said niece, Rosa Grenier.

"And in case my said adopted son shall die, leaving a widow, heir or heirs, then the said widow, heir or heirs shall have the use, rents and profits of all my property during the time she remains the widow of my said adopted son, and while the heir or heirs shall live ; and after her decease, or after she shall again marry, and after the decease of the heirs of my adopted son, if any, all my property, both personal and real, shall belong absolutely to my said niece, Rosa Grenier, or her heirs, if any.

" Likewise, I make, constitute and appoint John F. Rosseel and George D. Seymour to be executors of this my last will and testament, hereby revoking all former wills by me made."

The said justice construed and adjudicated that the first and

second provisions of said will were valid, and that the second one created a valid trust to receive the rents and profits of the property and apply them to the use of defendant, Louis G. Cadier, during his life. That the third and fifth provisions of said will were void by reason of their unlawful suspension of the right and power of alienation, and an illegal suspension of the absolute ownership of personal property; and that, as legal conclusions from the above holding, that defendant, Rosa Grenier, took the legacy of $4,000; the said defendant, Louis G. Cadier, was the beneficiary under the trust of the rents and profits for life, and that Rosa Grenier took the remainder of the estate contingent upon the death of said Louis, without widow or heir of his body surviving him, and that contingency failing, the estate passed, after the death of said Louis, to the heirs and next of kin of the said testator.

Judgment was entered accordingly, with costs, against the administrators in favor of all the parties, besides extra allowance to plaintiff and to Rosa Grenier.

Exceptions and cross-appeals are taken by all the parties.

*Edward C. James,* for appellant and respondent, Francis Kiah.

*Myers & Morris,* for appellant and respondent, Rosa Grenier *et al.*

*Joseph McNaughton,* for Stephen Kiah *et al.*

*Magone & Holbrook,* for Jerby defendants.

J. POTTER, J. The first question arising upon the execeptions is, whether the plaintiff may maintain this action for a judicial construction of the will in question.

He is a brother of the testator, who died without father or mother or living children, and, after making his will, disposing of both personal and real property and creating trusts.

If the will is void as to its provisions relating to the personal property, a trust results thereby, and there will be that trust as well as the trusts attempted to be vested by the terms of the will.

In such case, any person interested in the trust may apply to the court for a construction of the will and directions as to the trust. *Powers* v. *Smith,* 10 Paige, 194; *Wolroth* v. *Hornby,* 24 How. Pr. 353; *Onderdonk* v. *Mott,* 34 Barb. 113.

In the case under consideration, the will expressly creates a trust, and that trust was sustained and a trustee appointed by the court. Whatever may be the exact technical name or character of the estate devised by the second clause of the will, it was to continue in that form and condition, and was inalienable during the life of Louis G. Cadier, both by the terms of the will and nature of the trust. It was of the character and extent of a life estate. It was so adjudged at special term, and is substantially conceded by the counsel for all the parties.

The grave questions in the case arise upon the other provisions of the will. It was adjudged that these two clauses or provisions of the will are void for the reason that to give them effect would suspend the right and power of alienation and of absolute ownership in a manner or for a period not allowed by law.

The provisions thus adjudged are : " I further devise, bequeath and direct that after the decease of my said adopted son, in case he shall leave any heirs, that then my property, both personal and real, go to the said heirs absolutely when they shall become of age."

Again: " And in case my said adopted son shall die leaving a widow, heir or heirs, then the said widow, heir or heirs, shall have the use, rents and profits of all my property during the term she remains the widow of my said adopted son and while the heir or heirs shall live ; and after her decease, or after she shall again marry and after the decease of the heirs of my adopted son, if any, all my property, both personal and real, shall belong absolutely to my said niece Rosa Grenier, or her heirs for ever."

It is not worth while to consider the inconsistency between these provisions, for both are doubtless void. They may serve to throw some light upon the question whom the testator meant by the expression, heirs or heir of his adopted son, to be considered hereafter.

Suspension of the power of alienation, or of absolute ownership, must be measured not by periods of time, however long or short, but by the duration of the lives of two persons in being at the time of the creation of the estate or the death of the testator. Under the provisions above quoted, the heirs were yet to be born and, perhaps, of a woman not yet born, and, of course, cannot be mentioned. *Schettler* v. *Smith*, 41 N. Y. 335 ; *Hawley* v. *James*, 9 id. 415.

The judge, at special term, held that the provision of the will, "and in case the said Louis G. Cadier shall die leaving no heirs or widow, then all my property that remains, both personal and real, I

devise and bequeath to my said niece Rosa Grenier," was valid, and that the said Rosa thereunder would take a contingent remainder in fee in default of a widow or heir of his body surviving him, and that owing to the invalidity of the provisions above referred to, and the validity of the last above cited provision, that the estate would descend to the heirs and next of kin of the testator, in case said Louis died leaving a widow or an heir of his body.

These results depend upon the construction as to the persons intended by the testator in the use of the word "heir."

I cannnot doubt that the learned judge rightly held that the testator meant by the term "heirs," heirs of the body of Louis and not his heirs generally. It is manifest from the whole will as signed by the testator that he intended to bestow his property upon his niece Rosa and adopted son Louis.

All its provisions indicate this purpose. He proposes to give Rosa a legacy to be paid to and enjoyed by her within two months of his demise. He provides that Louis shall receive the rents and profits exclusively during his life, and after his death it shall pass to his heirs absolutely when they become of age.

Louis' mother was his heir then living and of age. Certainly she was not meant. Louis' half brothers and sisters might become of age even before the testator died and would reach that period soon after Louis himself would, and probably many years before Louis would die. They would be heirs of Louis and yet have no relationship to the testator who had living brothers and sisters. He would not be likely to disinherit the latter and remember only the children of a stranger and his former mistress who is not referred to in his will except by this strained inference.

If the testator meant heirs generally, then the devise to Rosa, for whom he entertained affection would not take effect till after the death of the widow of Louis and his heirs generally, a period probably far beyond the life of Rosa and her heirs for several generations. I think these facts and considerations clearly bring the case within the principle enunciated by Judge GROVER, in *Bundy* v. *Bundy*, 38 N. Y. 421. The presumption is, that the testator uses the words in a general sense, meaning lineal and collateral heirs, unless it appears from the will and the extrinsic facts known to the testator that it was used by him in the restricted sense.

I think there can be no doubt the trust created by the will was valid, and the appointment of a trustee to administer the trust after

Kiah v. Grenier.

the renunciation by the trustees named in the will, was proper and necessary.

These views dispose of the questions arising upon the will, and sustain the main intention of the testator. In such case the valid portions of the will will be sustained. *Oxley* v. *Lane*, 35 N. Y. 340.

This brings me to the question of costs in the judgment appealed from.

The costs in this case were in the discretion of the court. With the exercise of that discretion, the appellate court should not interfere unless erroneous, or palpable injustice has been done thereby.

The total amount of the extra allowance was within the limit prescribed by section 309 of the Code. A portion of such extra allowance was granted to the plaintiff, and another portion to said Rosa Grenier. I perceive no sufficient reason for interfering with the disposition of costs made by the court at special term.

The question of costs of this appeal remains to be considered. Exceptions and cross appeals were taken by the respective parties to the action, to some portion of the decree as well as to the allowances of costs. In the view I have taken, the judgment and the allowance of costs, by the special term, should be affirmed. It follows, therefore, that each appellant has been unsuccessful.

There is reason and propriety generally, for granting costs to a successful litigant and refusing to allow them to an unsuccessful one. I perceive no good reason for allowing costs to either appellant as against any other, in this case. To grant costs in this case to all the litigants, as was done at special term, I apprehend would be diverting too much of the estate from those to whom it belongs to those who have no interest in the property or who are seeking to ascertain to whom it belongs, in remote and improbable contingencies.

I think the judgment should be affirmed, without costs to either party, as against any other or as against the property or any interest or estate therein.

PARKER, J., concurred.

*Judgment affirmed.*