Barnard, P. J.
The devise of the estate to the testator’s wife for life or until her re-marriage, if she should remarry, and upon her death or re-marriage, the devise of the rest residue and remainder to the testator’s children, created a vested remainder in fee in the children. The fee was absolute at the time of taking, possession only is postponed. Livingston v. Greene, 52 N. Y., 118.
The fifth clause of the will provides that if either of the children should die “leaving issue at the death of- such child ” before the life estate fell in, such child’s share was given to the issue of such deceased child. This means the *717 lineal descendants of the deceased child. Bundy v. Bundy, 38 N. Y., 410.
When the testator’s daughter, one of the residuary de- , visees died, she left a son, and by the express terms of the will, her vested remainder went to the son, although the life estate was then outstanding. By the portion of the fifth clause devising over an estate to the surviving children of testator, it is only in case of a child’s death “without leaving any issue living at the death of such child” that such a disposition is attempted.
The son of Charlotte took his mother’s share by the terms of the will when he survived his mother, and the testator did not interfere with the rights of a child when the estate became vested in him.
After the plaintiff’s father survived his mother, his estate became complete and not liable to divest even if he failed to outlive the grandmother who had the life estate. • The result is a naturally just one, and it was the intent of the testator to accomplish it.
Judgment affirmed, with costs.
Pratt and Dykman, JJ., concur.