## SNIDER v. SNIDER.

(Supreme Court, Appellate Division, Second Department.   December 22, 1896.)

1. WILLS—ENLARGING LIFE ESTATE.
   The fact that a legatee of a life estate in money is, by the will, intrusted with the fund, does not enlarge his interest.

2. DESCENT AND DISTRIBUTION—RIGHTS OF WIDOW.
   A widow is not an "heir" of her husband.

Appeal from special term, Orange county.

Action by Abraham Snider individually and as executor of the will of Michael Snider, deceased, against C. Louise Snider as executrix of the will of Michael G. Snider, deceased, and another. From a judgment for plaintiff, the defendant C. Louise Snider appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

A. H. F. Seeger, for appellant.
E. A. Brewster, for respondent.

CULLEN, J.   One Michael Snider died in February, 1873, leaving a will, by which he made the following bequest:

"I give and bequeath the sum of two thousand five hundred dollars to my son Michael G. Snider, to be paid to him by the executors of this, my will, and to be held, used, and enjoyed by him, my said son, during his life, and at his death to his heir or heirs, should he have any. Should he die without issue, I give and bequeath said sum of two thousand five hundred dollars to my son Abraham."

Michael G. Snider received the sum of $2,500 bequeathed to him. He died in September, 1895, without ever having had issue. Thereupon this action was brought by the testator's son Abraham against the defendant, as executor of Michael G. Snider, to recover the principal of said legacy.

In our opinion, the correctness of the judgment below is not subject to serious question. There is no repugnancy between the gift over on the death of Michael without issue and the previous gift to

Michael. The gift to Michael was only of a life estate, and that a remainder may be limited on a bequest of personal property is unquestionable. The fact that the testator sees fit to intrust the life tenant with the custody of the fund does not affect the character of the interest bequeathed to him. Smith v. Van Ostrand, 64 N. Y. 278. The terms used in the will, "his heir or heirs," should be construed as meaning "heirs of his body." Bundy v. Bundy, 38 N. Y. 410. This is made clear from the fact that the gift to Abraham is in case Michael "should die without issue." The question, however, is of no practical importance, as the legatee over is the sole heir of the legatee for life. He is, therefore, entitled to receive the whole fund in one capacity or the other, unless the defendant, who is the widow of the legatee for life, can claim as an heir of that legatee. It is settled by authority that a widow is neither next of kin nor heir. Tillman v. Davis, 95 N. Y. 17; Murdock v. Ward, 67 N. Y. 387; Keteltas v. Keteltas, 72 N. Y. 312.

The judgment appealed from should be affirmed, with costs. All concur.