Dox *vs.* BACKENSTOSE, administratrix, &c.

It is a good plea to a declaration on a *scire facias quere executionem non,* issued
against an *administratrix,* that she has not rendered an account of her ad-
ministration to the surrogate.

Whether the conferring of power upon *surrogates* to direct the issuing of ex-
ecutions against the estates of deceased persons has not superseded the
practice of a *scire facias* to revive a judgment, *quere.*

*It seems,* that after an order of a surrogate directing an execution, a *scire fa-
facias* may be prosecuted.

DEMURRER to plea. The plaintiff declared on a *scire facias
quare excutionem non.* The defendant pleaded that she had
not, before the issuing of the *scire facias,* rendered and settled
the accounts of her administration, wherefore she prayed
judgment if the plaintiff ought to have execution. To this
plea the plaintiff *demurred.*

*J. A. Spencer,* for the plaintiff. The plea of the defendant
is no answer to the declaration, for admitting that the plain-
tiff cannot *sue out* an execution, until after the administratrix
has accounted, still he is entitled to judgment that he have
his execution. Should he, after such judgment, issue execu-
tion without the previous order of the surrogate, the court will
set aside the process ; but without the judgment of this court,
he cannot regularly sue out execution upon the judgment
which is sought to be revived, even after the administratrix
has accounted to the surrogate.

*C. P. Kirkland,* for the defendant. There is no necessity for
a judgment of revival, the surrogate being expressly author-
ized to direct the issuing of the execution. 2 R. S. 116, § 20.

*By the Court,* SAVAGE, Ch. J. The revised statutes have
materially altered the law and the practice in relation to ex-
ecutors and administrators. Formerly, it was often impor-
tant to obtain a judgment as early as possible against an exe-
cutor or administrator ; for the first judgment was entitled to
priority in payment. But now, neither the commencement

of a suit, nor the obtaining a judgment against an executor or administrator, entitles such debt to a preference over others of the same class. 2 R. S. 87, § 28.

The jurisdiction of the surrogate has been extended and enlarged in relation to this class of persons. Executors and administrators themselves have a new character, and stand in a different relation from what they formerly did to the creditors of the deceased persons with whose estates they are entrusted. They are not now the mere representatives of their testator or inestate—they are constituted trustees; and the property in their hands is a fund, to be disposed of in the best manner for the benefit of the creditors, and not liable, as it once was, to be dissipated in bills of costs, created by the anxiety of creditors to obtain the first judgment, and thus secure the payment of their debts to the prejudice perhaps of others. Now a more equitable rule prevails. No preference is given among debts of the same class. "No execution shall issue upon a judgment against an executor or administrator until an account of his administration shall have been rendered and settled, or unless on an order of the surrogate who appointed him; and if an account has been rendered to the surrogate by such executor or administrator, execution shall issue only for the sum that shall have appeared, on the settlement of such account, to have been a just propertion of the assets applicable to the judgment." 2 R. S. 88, § 32. The provision is postive. Until the statute has been complied with, the plaintiff is not in a situation to issue an execution. The defendant here is called on to show cause why execution should not issue. She does show cause; and that cause is, that until the plaintiff calls her into another court, and gives her an opportunity to show before the appropriate tribunal the true state of the fund in her hands, he is not in a situation to ask this court for an execution upon the judgment. If 18 months have expired since her appointment, the plaintiff may obtain an order from the surrogate requiring her to render an account of her proceedings. On the rendering of such account, the surrogate is invested with equitable powers. The statutory provisions on the subject are ample; to the surrogate the plaintiff must resort, and there have the matter ex-

amined, and the amount, if any due him, liquidated, and an order obtained, specifying the amount for which execution may issue. All this is good cause for the defendant to show why this court ought not at present to award an execution.

Whether the former practice of proceeding by *scire facias*, to issue execution against executors and administrators, has not been superseded by the statute transferring to the surrogate authority to order the issuing of an execution, is a question not now necessary to be decided; but if it is not, it seems to me the intention of the legislature may be frustrated. I doubt very much whether this court would be justified in looking into the equities, which are properly inquirable into before the surrogate; if it would not, it is evident that the whole subject is under the supervision and control of the surrogate. I see no good reason for preventing a plaintiff, who has the surrogate's order, from instituting proceedings in this court; but on this point no definite opinion is given. It is enough that, until the order is obtained, no execution can issue.

Judgment for defendant, on demurrer; leave to plaintiff to reply.