We think the judgment of the New-York common pleas should be affirmed.

Judgment affirmed.*

----◂◆▸----

## CLARK *vs.* SEXTON'S EXECUTORS.

A *scire facias* to revive a judgment against the personal representatives of a deceased defendant, must be brought within one year after the *death* of the defendant.

To a *scire facias quare executionem non* issued against *executors* to revive *a judgment against the testator*, a plea that the executors *have not accounted* to the surrogate is not good ; had the *scire facias* issued on a *judgment against the executors*, the plea would have been good.

*It seems,* that to on a judgment against the party himself, the surrogate may order an execution to issue, and that in such case a revival by *scire facias* is not necessary.

New-York, May, 1840.—Clark v. Sexton's Executors.

*To subject a creditor to the short limitation of six months, created by the statute relative to the duties of executors and administrators, it is incumbent upon the latter to show the publication of notice to creditors to come in, &c.*

SCIRE FACIAS. The plaintiff sued out a *scire facias quare executionem non* against the executors of Horace Sexton, *tested* 13th January, 1838, returnable in the ensuing term, in which it was recited that the plaintiff obtained judgment against Solomon Beebe and Horace Sexton for $286 damages and costs ; that afterwards, on the first day of January, 1830, *Beebe* died, leaving *Sexton* him surviving ; and afterwards, on the tenth of day February, 1835, *Sexton* died, having first duly made and published his last will and testament in writing, and thereby constituted L. S. and S. F. [ *478 ] his executors, who proved the will and took upon themselves *the execution thereof. Then it was suggested that *execution* of the damages remained to be made, and the sheriff was commanded to make known to the executors to appear, &c. and show cause, &c.

The defendants pleaded, 1. That Horace Sexton died in the month of November, 1834, that letters testamentary were granted to them on the 14th February, 1835, and that they *have not rendered and settled their accounts as executors ; and this, &c. wherefore, &c. ; 2. That the plaintiff did not cause the writ of scire facias to be issued *within one year* after the time for the issuing thereof had arisen, according to the provisions of the revised statutes, and this, &c. wherefore, &c. ; 3. A like plea as the first ; 4. That *Bebee* in his life time paid to the plaintiff $160, which the plaintiff received in full accord, satisfaction and discharge of the judgment, and this, &c. wherefore, &c. ; and 5. A like plea as the second plea. To each of these pleas, the plaintiff *demurred*.

*T. Jenkins,* for the plaintiff.

*A. Bennett,* for the defendant.

*By the Court,* NELSON, Ch. J. The first and third pleas are founded upon the doctrine of the case of *Dox* v. *Backenstose, adm'x, &c.* 12 *Wendell,* 542, but I am of opinion it does not apply. There a judgment had been rendered *against the administratrix,* and the *sci. fa.* issued to obtain execution, after the year. The plea was sustained, because by the 2 *R. S.* 88, § 32, no execution could issue *on a judgment against an executor or administrator,* until an account of administration had been taken and settled, or by order of the surrogate ; and a pretty strong intimation was given that it might be issued by such order without any revival. But here the judgment is *against the testator,* and the object of the proceeding is to charge the executors on that judgment. The case is not within the statute, nor does it come within it until the judgment of revival is entered. After [ *479 ] that, being *a judgment against the executors,* it may stand *on

the footing of *Dox* v. *Backenstose.* I am inclined to think the intimation in that case, that the order of the surrogate is sufficient to authorize the issuing of the execution, without a revival, should be adopted. That officer, as there remarked, possesses ample power to adjust any defence that may exist against the judgment: indeed, the reason given for refusing the writ of *sci. fa.* is that under the act, the estate must first be settled, so as to ascertain the amount for which execution may issue : after this the proceeding would be the merest form. This view, if sound, affords an additional consideration for the proceeding here, for until judgment of revival is obtained against the executors, the surrogate has no control over the execution.

The *second* and *fifth* pleas I am of opinion constitute a bar to the action. The statute (2 *R. S.* 477 § 2,) requires that a *sci. fa.* to revive a judgment against the personal representatives, shall issue within one year *after the cause of issuing the same shall arise.* The cause is the *death* of the defendant in the judgment, and that makes the revival by this proceeding necessary. But until the executor qualifies, the plaintiff should not be bound to commence proceedings ; the year should then begin to run. The object of this provision is apparent, namely, to enable the executor or administrator to close the settlement of the estate within the eighteen months prescribed by statute, (2 *R. S.* 32, § 52,) after which time he is bound to render and adjust his accounts before the surrogate. Though the limit of the year is short, I do not perceive any particular hardship in the case : it is desirable the estate should be settled within a reasonable time.

Where a creditor has neglected to present his account within the six months, according to the 34 § 2 *R. S.* 88, and a suit is afterwards brought, the executor or administrator is not chargeable for assets paid before such suit on claims of an inferior degree ; and if the demand has been presented, and disputed or rejected, and not referred, unless the suit is commenced within six months, if due, or within six months after due, he is forever barred from maintaining any action thereon, § 38, 39. But to produce this consequence *from neglect in both cases, the executor [ *480 ] or administrator must prove publication of notice to creditors to come in. Though the demand has not been presented, he may still recover against the next kin or legatees to whom assets have been paid. § 42.

In this case the plaintiff has still his lien upon the realty, and may enforce it against the heir or terre-tenant, or if *that* is sold under the surrogates's order, the judgment takes preference according to the lien. And probably under the 42 §, the next kin or legatee may still be liable if assets have been paid to them.

The fourth plea is clearly bad. 7 *Johns. R.* 207 ; 17 *id.* 174 ; 20 *id.* 78.

Judgment for plaintiff on the demurrer to the first, third and fourth pleas, and for the defendant on the second and fifth ; leave to amend on usual terms.