## The proceeds from sale of the Real Estate of CHAUNCEY St. John.

THERE can be no preference in the payment of claims against an estate of the same class. A judgment against an administrator only liquidates the amount of claim, but gives no preference.

THE proceeds arising from the sale of the real estate were found to be insufficient for the payment of the intestate's debts. Mrs. Voorhies, a creditor, had obtained a judgment, after trial at law, against the administrator, for $5,621.81, which claim had been established before the Surrogate; and the administrator had paid a portion of this indebtedness. The administrator also voluntarily paid other creditors in full who were not entitled to any preference, and the fund was exhausted.

THE SURROGATE. The assets of the estate that came to the administrator must be divided *pro rata* among the creditors of the same class, and there can be no preference in the payment of debts. The administrator has no right to exhaust the estate in the payment of some of the debts in full, and leave other debts of the same class unsatisfied; a just *pro rata* distribution of assets must be secured to all creditors of the estate. The judgment of Mrs. Voorhies gives her no preference, but only liquidates the

amount of indebtedness to her at the time the judgment was obtained. An account should be taken, in proving the debts, to enable the Surrogate to marshal the assets among the creditors according to the priority and quality of their indebtedness, without preference to creditors of the same class, in order that no creditor may be paid at the expense of the others.

Chief Justice Savage, in the case of *Doe* v. *Backenstone* (12 *Wend.*, 542), said: "Administrators are trustees, and the property in their hands is a fund to be disposed of in the best manner for the benefit of the creditors. No preference is to be given among debts of the same class." There should also be an account taken of all the funds that come to the administrator's hands, that there may be a marshaling of assets after deducting commissions and expenses.

By statute the balance of the proceeds arising from the sale of the real estate (if, after paying expenses and the widow's claim of dower, there shall not be sufficient remaining to pay all the debts of the intestate) shall be divided by the Surrogate among the creditors in proportion to their respective debts. The Surrogate is also directed to ascertain the vested and subsisting debts against the intestate, and is to hear the proofs and allegations of the claimants of such debts, and of the administrator, heirs or persons interested in the estate, or in the application of the proceeds of such sale; and the proceeds of the real estate must be distributed to creditors in the same manner as a distribution would be made on the administrator's accounting. On proving debts, the whole amount of the indebtedness of the intestate to the creditor should be ascertained; the payment made by the administrator should be taken as part payment of such indebtedness, and an equitable apportionment should be made, so that one creditor may not receive more according to his debt than any other creditor having a like claim in the fund.