# SUPREME COURT.

JAMES C. STRONG agt. GEORGE F. LEE, *administrator, &c.,* of JOHN McCLOSKY, *deceased, and* VICTORINE McCLOSKY.

In an action in the nature of *scire facias* to revive a judgment and obtain execution against the property of a deceased judgment debtor, his personal representatives and heirs at law, cannot be joined as co-defendants.

The personal estate of the deceased must be exhausted before resort can be had to the realty.

In case of such joinder of defendants the court cannot, under the last clause of section 172 of the Code, order the action to be divided into two actions.

*Erie Special Term, March* 28, 1872.

ACTION to revive judgment and have execution against the administrator and one of the heirs at law of the deceased judgment debtor.

Demurrer by each defendant separately to the complaint.

JOHN C. STRONG *for plaintiff*

GEORGE F. LEE *for both defendants.*

The facts sufficiently appear in the opinion.

LAMONT, J.—Can this action, which is the Code substitute for the former writ of *scire facias,* to obtain execution upon a judgment recovered in his lifetime against a now deceased judgment debtor, be maintained against his personal representative and heir at law as co-defendants? The personal estate is the primary fund for the payment of debts of deceased persons, and such has been the law time out of mind. (*Lupton* agt. *Lupton,* 2 *John., ch.* 628.) Chancellor KENT says that heirs are rendered liable for the debts of the ances-

tor, by simple contract as well as by specialty, and whether specially named or not, to the extent of the assets descended, on condition that the personal estate of the ancestor shall be insufficient and shall have been previously exhausted. (4 *Kent*, 420.) In (2 *Saunders* 72, *note* 3,) it is said that where a judgment is had against one who dies before an execution, a *scire facias* will not lie against his heir and terretenants, until a *nihil* is returned to a *scire facias* against his personal representatives, (*Panton* agt. *Hall*, *Carth.* 107;) but when *nihil* is returned the plaintiff may have a *scire facias* against the heir of the defendant, either alone or jointly with the tenants of the lands whereof the defendant was seized at the time of the judgment or at any time after.

By the revised statutes the writ of *scire facias* to obtain execution against the personal representatives of a party, must have been brought within one year after the cause for issuing the same arose. (2 *Rev., Stat.* 576, § 2.) The year began to run only from the time of the appointment and qualification of the personal representave, (*Clark* agt. *Sexton*, 23 *Wend.*, 479;) in which case it was held that a plea by the executor of the judgment debtor that the plaintiff did not cause the *scire facias* to be issued within the year, was a good bar to the writ. The revised statutes also prohibited the issuing of execution upon such judgment against the heir within the year, (2 *Rev., Stat.* 368, § 27,) and also prohibited any suit against heirs or devisees of any real estate, in order to charge them with the debts of the testator or intestate, within three years from the time of granting letters testamentary or of administration upon the estate. (2 *Rev., Stat.* 109, § 53.)

The Code has not changed the law in this respect. The personal estate must still be resorted to in the first instance. Instead of the writ of *scire facias* we now have the civil action, (*Code*, § 428,) or at the option of the judgment creditor the proceeding may be under the provisions of § 376 & 381, with no complaint other than the contents of the sum-

mons to show cause, such summons containing the substance of the old writ of *scire facias.*

Observe that the Code in these provisions make the personal representatives liable to such summons within one year after their appointment, but the heirs, devisees, legatees and tenants of real property affected by the judgment and owned by them, after the expiration of three years from the time of granting letters testamentary or of administration.

An action which must be taken within one year against the personal representatives, and which cannot be taken until after that time against the heir, cannot combine both causes in the same suit. It is contrary to the statute and wholly ignores the fundamental rule, that the personalty must first be exhausted before the real estate can be charged with the decedent's debts.

Each defendant has stated, among the grounds of demurrer, that several causes of action have been improperly united, and that the one who is a personal representative has been sued jointly with the one who is an heir at law of the deceased judgment debtor.

This brings the case within the fifth sub-division of § 144 of the Code. Several causes of *scire facias* are several causes of action, for the proceeding by *scire facias* was an action always, and the remedies heretofore obtainable by that form of suit, may be obtained by civil action (*Code,* § 428,) although the old writ is abolished.

Can this action be divided into two actions under the last clause of § 172 of the Code, which says : " If the demurrer be allowed for the cause mentioned in the fifth subdivision of § 144 the court may, in its discretion, and upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned." The answer must be in the negative, because this provision is intended for cases which by law may proceed simultaneously and separately, but not for cases where the statutes prohibit the one

to be brought until the other is ended. Those statutes still remain in force, and this section of the Code was not designed to repeal them. Again, the executions which follow upon the revival of the judgment, are wholly different when they go against property held by personal reprepresentatives and property held by the heirs at law. Execution in the one case is commanded to be satisfied out of the goods and chattels of the deceased in the hands of the personal representatives to be administered, in the other case, out of the lands of the deceased held by the heirs. (2 *Rev. Stat.*, 363, § 3; 367, § 25, 27; *Code*, § 291, 468, 289, *sub.* 2.) The complaint against the heir should also describe the land sought to be charged, and the execution must contain a like description. (2 *Rev. Stat.*, 578, § 11, 454, § 44; *Code*, § 455.) The complaint in this case contains nothing of the kind. The provisions of the revised statutes not inconsistent with the Code are not repealed.

The appropriate remedy against the personal estate, where the action is not brought within the year, is in the surrogate's court; or if distribution has been made, against the next of kin or legatees who have shared in the distribution. (2 *Rev. Stat.*, 90, § 42.) The statutes make particular provision for all such cases. The order of liability is declared as to personal representatives, next of kin, legatees, heirs at law, tertenants and devisees, and each class subsequently liable may compel the holder of the demand to exhaust his remedies against those under a prior liability. (2 *Rev. Stat.*, 450, *art.* 2; *Mersereau* agt. *Ryerss*, 3 *Coms.*, 261; *Stuart* agt. *Kissam*, 11 *Barb.*, 271; *Butts* agt. *Genung*, 5 *Paige*, 254; *Schermerhorn* agt. *Barhydt*, 9 *Paige*, 28.)

Counsel have made no suggestions touching the necessity of a surrogate's order allowing execution to be issued either under the revised statutes as to the personal estate, or under chap. 295 of the laws of 1850 as to the realty, and nothing upon that subject has been considered.

The demurrer of each defendant is allowed with leave to plaintiff to amend as specified in the accompanying order.