Ransom, S.
—On the 11th of January the surrogate rendered a decision sustaining the exceptions made by the ■special guardian to the account of the executor, which was filed herein for judicial settlement, and decided, among other things, that the claim of the executor that the life tenant was entitled to receive the whole residuary estate without giving bonds or security, was unfounded.
Two decrees are submitted. That on behalf of the ex *363 ecutor provides that the executor shall pay over to the life tenant the residuary estate upon the delivery of a receipt and inventory, and shall give a bond with securities, to be approved by the surrogate, etc. Further, that unless the; life tenant shall elect to receive the property upon the terms; specified, that the executor shall retain possession and custody of the estate, subject to the execution of the trust created by the will.
The special guardian objects and submits a decree providing that in default of giving bonds within twenty days, the money shall be deposited in a trust company.
The special guardian makes the point that if the executor’s order is signed, the same party will-be appointed both, trustee and cestui que trust, and that the decision of the surrogate that the life tenant should not receive possession, of the residuary estate without giving security, would be defeated.
It will be noticed by considering the will that the executor is not thereby constituted a trustee. Inasmuch as the functions of the special guardian will cease with the entry of this decree, the necessity for a provision therein providing for the event of the non-performance of the direction that a bond be furnished, is essential.
It will be noted that the counsel for the executor concedes that by retaining the money in his hands the executor becomes a trustee, for the alternative provision in his decree recites “that Edgar J. Shipman, the executor of the said last will and testament of Harriet 0. Shipman, deceased, shall retain the possession and custody of such, estate, subject to the .execution of the trust created by the said last will and testament.” He must be aware that, under the provision of the will, as above stated, the executor is not constituted a trustee. This being an accounting for the purpose of judicial settlement, the functions of the executor will cease with the entry of this decree and compliance with its directions.
It is a well settled principle of law that the same person cannot be trustee and cestui que trust. Bundy v. Bundy, 38 N. Y., 410; Rogers v. Rogers, 18 Hun, 409.
Some question might even be made as to whether the life tenant was properly acting as executor, for in the decision of Dox v. Backenstose (12 Wend., 542) it is said that an executor, by the Revised Statutes, is made a trustee. Of course this decision does not go so far as to hold that he is technically a trustee, but merely that, like any other custodian of funds, he is in possession thereof as trustee, though without the formal technical incidents of a trust.
There being no trustee under the will, the executor’s ■duties ceasing with the entry of the decree, and being him» *364 self incapable under the law of acting as trustee, is not a case presented like that where the' testamentary trustee dies or becomes disqualified?
The executor is in effect a trustee by virtue of his office as executor, and has control and possession of the funds; by virtue of his life tenancy he is the beneficiary, thus combining in himself all the control incident to an absolute title. This was certainly not contemplated by the testatrix.
There is no guardian for the infant remainderman. Her father is disqualified from becoming such by reason of the conflict in interest between himself and his child. Consequently, if the decree presented by the executor is signed, there will be no person who can protect the interests of this infant and take proceedings in case of waste by the executor.
The decree to be entered herein should direct the executor to pay to the life tenant the residuary estate, upon giving a bond, etc., and upon his failure to do so within a certain limited time, directing the special guardian to apply to the court for the appointment of a guardian of the estate of the infant remainderman, who might then proceed in the matter.
I hold that the executor should not receive or retain the «custody of this fund either as executor or life tenant without giving bonds.
The affidavit of the. special guardian shows twenty-three days on which substantial service was rendered. He was successful in his exceptions, and it was through him that the matter discussed above was brought to the attention of the surrogate. Other days are specified in which he performed some slight service. He is allowed $250. The ■amount of commissions are fixed at $412.70. The bill of «costs presented by the executor is allowed.
The" disbursements for stenographer’s fees are not substantiated by any affidavit or certificate, but an inspection ■of his transcript is sufficient to justify the charge made.
In this matter Mr. Underhill was appointed referee. Being an assistant to the surrogate, he could'not act as referee except upon the written consent of the parties. No such consent has yet been filed. If the consent to the appointment of the assistant as referee is filed, the amount of twenty-four dollars, which is claimed in the bill of costs of ■the executor, cannot be allowed, for the reason that the referee’s report and the affidavits both of the executor and .special guardian show but one day upon which the parties appeared before the referee. The same should, therefore, be reduced to six dollars, in case the consent is filed, and will be entirely disallowed otherwise.