## SUPREME COURT.

MARGARET FLANAGAN agt. BRIDGET TININ and TIMOTHY TININ, her husband.

Where a *personal injury* is committed by the wife alone, both the husband and wife are liable. And where judgment is rendered against both, the *execution* must follow it and direct the collection of damages and costs out of the property of both.

Where there is *real estate* of a defendant upon which a judgment against him is a lien, and execution thereon is issued during his life-time to the sheriff; if the sheriff on finding no personal property of the defendant returns the execution *nulla bona*. the court, on motion, will order the return of *nulla bona* to be *canceled*, and the execution *taken from the files and returned to the sheriff* to the end that he may proceed and sell the real estate by virtue of it.

Where a defendant *dies* after the issuing of execution against his property and within five years after the rendition of judgment and the issuing and return of the execution, no consent or order of the court is necessary on issuing a second execution.

*Jefferson Special Term, October* 19, 1868.

THIS action was brought to recover damages for an alleged assault and battery, in October, 1864. Issue was joined in said action and a trial was had in March, 1866, and a verdict rendered in favor of the plaintiff for $50 damages and a judgment was rendered for said sum on the 1st day of March, aforesaid, and $109.98 costs.

On the same day a *fi. fa.* was issued on said judgment to the sheriff of Jefferson county and by him returned wholly unsatisfied on the 7th January, 1867. On the 13th day of June, 1866, Timothy Tinin, one of said defendants and the husband of the said Bridget, died, leaving him surviving, the said Bridget and four children, his heirs at law, all of them under fourteen years of age and residing with their mother. On the 15th day of November, 1867, the said Bridget was duly appointed administratrix of the goods, chattels, &c., of said Timothy, deceased, by the surrogate of Jeffereson county and she took upon herself the duties of said office.

There was no personal property belonging either to said Bridget, or said estate with which to pay said judgment, but that said Timothy died seized of real estate in said county of sufficient value to pay said judgment.

On the 20th November, 1867, a petition was presented to the surrogate of Jefferson county, for leave to issue execution on said judgment. The prayer of said petition was granted.

The plaintiff here moved for leave to issue execution for the reason, as claimed by the plaintiff's counsel, that the practice requires the consent of the court in which the judgment was recorded, as well as that of the surrogate, that execution issue when the defendants or one of them has died.

MOORE and McCARTIN, *for plaintiff.*

MULLIN, J. The injury for which the action was brought was done by the wife alone; and for that injury both the husband and wife were liable.   (1 *Chittys Pl.*, 82.)

The judgment being against both, the execution must follow it and direct the collection of damages and costs out of the property of both.

The judgment became a lien on the real estate of which the husband was owner at the time of the rendition thereof and on such as he thereafter acquired.   The execution having issued during his life it was competent for the sheriff to have seized and sold the real estate, and out of the avails to have paid the judgment.

Why it was returned *nulla bcna* in January, 1867, when there was real estate out of which satisfaction might have been obtained is not disclosed.   Had the sheriff performed his duty this application would not have been necessary.

The proper relief under the circumstances would be to cancel the return of *nulla bona*, take the *fi. fa.* off the files,

and return it to the sheriff to the end that he might proceed and sell the real estate by virtue of it.

The death of Timothy did not impair the lien of the judgment nor the right of the plaintiff to enforce it against the land bound by its lien. The title therefore passed to the heirs charged with the lien.

But if the question is now to be considered as if no *fi. fa.* had issued during the life of the judgment debtor, then it can only issue at the end of a year from the death and by permission of the surrogate. (2 *R. S.*, 2*d ed.*, 368, § 27 ; 3 *R. S.*, 5*th ed.*, 642, § 30.)

Permission from the court in which the judgment was re covered to issue execution is only necessary after the expiration of five years from the recovery of the judgment and then only in the event that an execution has not been issued within five years. (3 *R. S.*, 5*th ed.* 642, § 1 ; *Code*, § 283–284.)

By the last clause of the first paragraph of § 284 it is declared that leave to issue execution shall not be necessary when an execution has been issued within the five years and returned unsatisfied in whole or in part.

In this case the *fi. fa.* was issued within five years, and has been returned wholly unsatisfied ; therefore by the very terms of the section under consideration, leave from this court is not necessary.

I have been referred to the case of *Alden* agt. *Clark*, (11 *How.*, 213) in which the general term of the 4th district intimated, in no case could an execution issue after the death of the defendant therein without leave of the court.

The remarks of the learned judge who delivered the opinion of the court in that case as to the necessity of leave within five years from the entry of judgment were not called for by the case before him, and it seems to me quite clear that as the law then stood execution might issue by leave of the surrogate after a year without leave from the court in which the judgment was recovered.

Chapter 295 of the Laws of 1850 was then in force.

But however this may be, the clause of § 284 of the Code cited *supra*, was not then enacted.

Since its enactment there cannot, it seems, be any necessity for leave from the court in a case like this.

The motion is therefore denied.