## THE MARINE BANK OF CHICAGO *vs.* TUNIS VAN BRUNT.

61b 361
52ad112
52  113
52  116

There is nothing in chapter 295 of the laws of 1850, by which act the consent of the surrogate is required before an execution can be issued against the estate of a deceased judgment debtor, that necessarily takes away from the Supreme Court the power it has always possessed, of controlling the execution of its judgments. And a construction will not be given to it which would do so by implication, when it may well stand with the power thereby conferred upon the surrogate.

The consent of the surrogate specified in the act of 1850, is an *additional* requisite which the law has imposed to the issuing of an execution, in such a case, and was not designed to take the place of the consent of the court in which the judgment was recovered.

By the Code, a motion is substituted in the place of the former writ of *scire facias*, in such a case.

Some motion must be made, to the court in which the judgment was recovered; and a motion for leave to issue execution upon the judgment, against the representatives of the deceased, is one of proper character.

The cases of *Alden* v. *Clarke*, (11 *How. Pr.* 209,) and *Frink* v. *Morrison*, (13 *Abb.* 80,) approved, and *Wilgus* v. *Bloodgood*, (33 *How.* 289,) and *Flanagan* v. *Tinin*, (53 *Barb.* 587,) disapproved.

Marine Bank of Chicago *v.* Van Brunt.

APPEAL from an order made at a special term, granting leave to the plaintiff to issue execution, upon a judgment rendered in this court, against the personal representatives of the deceased defendant.

*By the Court*, CARDOZO, J. I am of opinion that the order below was right, both upon principle and. authority. The consent of the surrogate in accordance with chapter 295 of the laws of 1850, is an additional requisite which the law has imposed, before execution can be issued against the estate of a deceased judgment debtor. (*Alden* v. *Clark*, 11 *How*. 209. *Frink* v. *Morrison*, 13 *Abb*. 80.) Those cases are not overcome, or impaired, by *Wilgus* v. *Bloodgood*, (33 *How*. 289,) and *Flanagan* v. *Tinin*, (53 *Barb*. 587.) In the former, (33 *How*.) leave to issue execution was applied for in the Supreme Court, and notwithstanding the remarks of Judge BALCOM in the general term, the order below was affirmed.

*Flanagan* v. *Tinin*, (53 *Barb*. 587,) was a special term case, and although decided by a judge of great ability and experience, it cannot be allowed to overrule two prior cases, one at special and the other at general term. •

Beyond this, the views expressed by Judge Leonard, in *Frink* v. *Morrison*, and by Judge JAMES, in *Alden* v. *Clark*, seem to me to make the question clear on principle.

The additional application before the surrogate may very properly be allowed, by reason of his general supervision over estates of deceased persons; but it will take something stronger, and more exclusive in its character than the language of the act of 1850, to show that it was the design of the legislature to take from this court of general jurisdiction a power which it always possessed, and give it to a court of limited jurisdiction. There is nothing in the statute which necessarily takes away the jurisdiction of this court; and a construction will not be given to it

which would do so by implication, when it may well stand with the power conferred upon the surrogate.

Before the Code, upon the death of the judgment debtor, the proper parties to be charged by the execution of the judgment, would have to be brought in by *scire facias.* That writ is abolished, and a motion is substituted in its place. Some motion for that purpose—and a motion for leave to issue execution upon the judgment against the representatives of the deceased is one of proper character—must be made; and all that the legislature has said is, that, in addition to that, consent must also be had from the surrogate.

I think the order should be affirmed.

Order affirmed.

[First Department, General Term, at New York, January 1, 1872, *George G. Barnard* and *Cardozo,* Justices.]