THE MARINE BANK OF CHICAGO, Appellant, v. TUNIS VAN BRUNT, Respondent.

Where application is made to a surrogate, under chapter 295, Laws of 1850, for leave to issue execution against the estate of a deceased judgment debtor, the claimants of the property sought to be applied in satisfaction of the judgment, and the personal representatives of the deceased are entitled to be heard, and should have notice. Without notice to the parties affected, the jurisdiction of the surrogate is improperly exercised.

The act of 1850 is not in conflict with the provisions of section 376 of the Code in reference to enforcing judgments against the estate of a deceased judgment debtor, nor is it inconsistent with the remedy given by the Code. That act is cumulative, and makes the leave of the surrogate necessary in addition to the order and judgment of the court. An execution cannot issue without the order and permission of both tribunals. The court of law adjudges the legal rights of the parties, and that the creditor is legally entitled to enforce the judgment against property in possession of the parties to the proceeding. The surrogate passes upon the

rights of the creditor in view of the conflicting or equal claims of others upon the estate. Either proceeding may be first taken or they may proceed *pari passu.*

(Argued April 2, 1872; decided April 9, 1872.)

APPEAL from order of the General Term of the Supreme Court in the first judicial district, affirming an order of Special Term setting aside an execution.

In March, 1867, and during the lifetime of the defendant, judgment was recovered in this action for $6,858.12. No execution was issued during defendant's lifetime. After the death of defendant, one Hammond commenced an action against plaintiff, and caused a warrant of attachment to be issued against it as a foreign corporation. Under this attachment the judgment was levied upon and subsequently sold by the sheriff by order of the court. Mr. Hammond became the purchaser, who sold and assigned it to George Vanderlip.

More than one year after the death of the judgment debtor, and within five years of the entry of judgment, Mr. Vanderlip applied to the surrogate, under chapter 295, Laws of 1850, for leave to issue execution against the estate, for the purpose of collecting his judgment, which was granted, and thereupon execution issued, and was levied upon certain leasehold premises of the deceased judgment debtor, which were advertised for sale.

Upon motion of the widow of and special administratrix of the deceased, an order was granted setting said execution aside as irregular, from which order said Vanderlip appealed, and upon its affirmance appealed to this court.

*F. G. Salmon* for the appellant. The execution was regularly issued. ( *Wilgus* v. *Bloodgood*, 33 How., 289; Code, §§ 284, 428; Laws of 1850, chap. 295; *Flannagan* v. *Tinnen*, 53 Barb., 387.)

*J. E. Burrill* for the respondent. The order of the General Term is not appealable. (*Bank of Genesee* v. *Spencer*, 18

N. Y., 150; *De Barante* v. *Deyermand*, 41 N. Y., 355.)
The execution was irregular and unauthorized. (*Dox* v.
*Backenstose*, 12 Wend., 542; 2 R. S., 88, § 32; *Frink* v.
*Morrison*, 13 Abb., 80; *Alden* v *Clark*, 11 How., 213; Code,
§§ 69, 428; *Cameron* v. *Young*, 6 How., 372; *Thurston* v.
*King*, 1 Abb., 127; *Ireland* v. *Litchfield*, 8 Bosw., 634; 2
Burrill Prac., 164; 2 R. S., 477, [576], § 2; 2 Archbold
Prac., 87; see *People* v. *Corey*, 19 Wend., 633, NELSON, J.;
1 Term Rep., 388, there cited; 6 id., 282, there cited; *Dickey*
v. *Craig*, 5 Paige, 283.)

ALLEN, J.   That the parties interested should have had
notice of the application to the surrogate for leave to issue
the execution, and an opportunity to be heard cannot well be
doubted.   The title to property once owned by the deceased
debtor, and upon which the judgment was claimed to be a
lien, had vested in other persons not parties to the record
either by succession or grant, and heirs or terre tenants should
not be divested of their property without a day in court.   It
is true, the act of 1850, chapter 295, does not in terms direct
notice to be given, but enacts that the surrogate may, " upon
cause shown," direct execution to issue.   The form of pro-
cedure is not given, but if " cause " is " to be shown " in a
matter affecting the interests of others, the facts alleged and
the cause shown may be controverted by the parties to be
affected.   Not only are the claimants of the real property
sought to be applied to the satisfaction of the judgment inte-
rested, but the personal representatives of the deceased debtor
should be heard.   They may show cause why there should
not be execution of the judgment at once or at all having
respect to the proper administration of the estate, or they
may elect to pay from the personalty in exoneration of the
realty.   The personal representatives and the tenants of the
lands sought to be charged in execution, were the real parties
to the proceeding before the surrogate, and were entitled to
be heard.   The jurisdiction of the surrogate was improperly
exercised without notice to the parties to be affected by the

proceeding. Whether the want of notice renders the execution void or merely voidable, need not be decided.

Aside from this defect the execution was properly vacated and set aside for the want of authority for its issue from the court ·in which the judgment was entered. Prior to the adoption of the Code, if the judgment debtor died before execution sued out, an execution could only be had either against the personal representatives, or against heirs or terre tenants upon *scire facias*. The Code abolished the writ of *scire facias*, and enacted that the remedies theretofore attainable in that form might be obtained by civil action. A less expensive and more summary process was given to entitle a judgment creditor to execution upon a stale judgment, or after the death of the judgment debtor. In the one case, leave to issue execution can be had on motion after notice to the adverse party. (Code, § 284.) In the case of the death of a judgment debtor after judgment, the heirs, devisees or legatees of the judgment debtor, or the tenants of real property owned by him and affected by the judgment, may, after the expiration of three years from the time of granting of administration, be summoned to show cause why the judgment should not be enforced against the estate of the judgment debtor in their hands respectively, and the personal representatives may be so summoned at any time within one year after their appointment. (Code, § 376.) The act of 1850, is not in conflict with the provisions of the Code, or inconsistent with the remedy given by it. It is cumulative, and adds another restraint to those already existing. The surrogate can regulate and adjust the equities of different claimants upon the estate, and provide for a proper preservation and distribution of the assets, while the court of law can only determine the legal rights of the individual judgment creditor.

Before the passage of the act of 1850 judgment could be enforced against the personal representatives of a deceased judgment debtor, or against property in the possession of heirs or terre tenants upon the order and judgment of the

court in which the judgment was entered, and that act makes the leave of the surrogate necessary in addition.

The court of law adjudges the legal rights of the parties, and that the creditor is legally entitled to enforce the judgment against property in possession of the parties to the proceeding.

The surrogate passes upon the right of the creditor in view of the conflicting or equal claims of others upon the estate. Whether the application to the surrogate should precede the procedure in the court of law, may be questionable. Notwithstanding the intimation in *Dox* v. *Backenstose* (12 Wend. R., 542), I incline to the opinion that it is immaterial, and that either may be first taken, or that they may proceed *pari passu ;* but an execution cannot issue without the order and permission of both tribunals. *Wood* v. *Morehouse* (45 N. Y., 368), *Alden* v. *Clark* (11 How. Pr. R., 209) and *Frink* v. *Morrison* (13 Abb. Pr. R., 80) presented the same question as that before us, and were decided in accordance with the views already expressed.

The order should be affirmed.

All concur.

Order affirmed.