THE MARINE BANK OF CHICAGO, APPELLANT, *v.* TUNIS VAN BRUNT, RESPONDENT.

*Code, §§ 284, 376 — leave to issue execution after death of debtor.*

Section 284 of the Code providing that after the lapse of five years from the entry of judgment, an execution shall not issue without leave of the court, unless an execution has been issued and returned unsatisfied, in whole or in part, within that time, does not apply to a case in which the judgment debtor is dead.

The latter case is governed by section 376 of the Code.

APPEAL from an order made at Special Term, setting aside and vacating an execution issued upon the judgment in the above-entitled action, and a sale made thereunder by the sheriff of certain leasehold premises belonging to the estate of the judgment debtor.

The judgment in question was recovered March 1, 1867, and on the 24th day of October, 1867, an execution was issued, which was returned unsatisfied on December 13, 1867. The judgment debtor died subsequently, and on the 29th day of December, 1867; and Edward Schell, of the city of New York, was thereafter, and on the 1st day of September, 1868, appointed, and now is, the special administrator of his estate.

On the 3d of February, 1876, one William H. Flandrow presented his petition to the surrogate of the county of New York for leave to issue execution on the judgment aforesaid, the petitioner claiming to have acquired the title to said judgment under and by virtue of a sale thereof made by the sheriff of the city and county of New York, under an execution on a judgment recovered by one Henry B. Hammond against the Marine Bank of Chicago, and an order of this court to the sheriff aforesaid.

On the 9th day of September, 1876, leave was granted by the surrogate to issue the execution in question. No application was ever made to the court in which the judgment was recovered under section 376 of the Code, or otherwise, for leave to issue execution, and the only application of that character was the one made to the surrogate.

On the 9th day of October, 1876, the special administrator appealed from the order of the surrogate. Notwithstanding this

appeal, Flandrow proceeded to issue execution, and the leasehold premises mentioned in the affidavit were sold under the execution by the sheriff on the 30th day of October, 1876, and Flandrow himself became the purchaser upon such sale.

The appeal from the order of the surrogate was heard at the January General Term of this court, and the order of the surrogate allowing the execution to issue was reversed.

*Theodore E. Tomlinson*, for the appellant.

*Charles A. Davison*, for the respondent.

DAVIS, P. J.:

Section 284 of the Code, which provides that after the lapse of five years from the entry of judgment, the execution can be issued only by leave of the court upon motion, with personal notice to the adverse party, or of publication if he be absent or non-resident, but that such leave shall not be necessary when the execution has been ' issued upon the judgment within the five years and returned unsatisfied in whole or in part, only applies to cases where the judgment debtor is living. Where the judgment debtor is deceased, the right to issue execution is controlled and regulated by section 376 of the Code, under which personal representatives of a deceased judgment debtor may be summoned, as provided by that section, at any time within one year after the appointment, to show cause why the judgment should not be enforced against the estate of the judgment debtor in their hands. In the case provided for by the latter section, it is of no importance whether the execution has been issued and returned unsatisfied in the lifetime of the deceased, and within five years of the rendition of the judgment, or not. The proceeding required by section 376 of the Code is necessary before execution can issue in any judgment against the representative of a deceased person, and is in lieu of the old process of *scire facias*.

In the *Marine Bank of Chicago* v. *Van Brunt* (49 N. Y., 160), it was held by the Court of Appeals that an order under this section was necessary in addition to the order of the surrogate required by chapter 295 of the Laws of 1850. No application had been made before the issuing of the execution in this case to the court under

section 376.   The order appealed from was therefore correct, although the reason assigned for it was not the correct one.   Besides, it now appears to this court that since the order of the court below, the order made by the surrogate has been reversed by this court, and a new hearing ordered before him, upon the application for leave to issue the execution.   The right to issue the execution therefor, under that order, has fallen to the ground, and the sale under such execution cannot be upheld.

It will only be an additional embarrassment to the appellant if this court were to reverse the order of the Special Term, after having reversed the order of the surrogate.   We base our decision, however, upon the ground first above suggested.

The order of the court below must be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.