JOHN HANSEE, RESPONDENT, *v.* GEORGE R. MEAD, APPELLANT.

*Sale of lands for taxes — when the number of acres mentioned controls — Adverse possession — cannot be proved in an action of ejectment unless pleaded.*

As in selling lands under chapter 298, of 1850, for the non-payment of taxes assessed thereon, only so much of each parcel was to be sold as would suffice to pay the amount of the tax, with the interest and charges thereon, the number of acres mentioned in the deed given in pursuance of such a sale must control, contrary to the usual rule in the case of conveyances made by an owner of the land.  (LANDON, J., dissenting.)

The defendant in an action of ejectment cannot show as a defense, upon the trial, that he and his grantors have been in the uninterrupted adverse possession of the land for twenty-one years immediately preceding the commencement of the action, unless he has set up such adverse possession, as a defense in his answer. (LANDON, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was one of ejectment.  The plaintiff claimed to be the owner of the premises, described in the complaint, by virtue of a deed dated December 18, 1854, and given by the judge and treasurer of Ulster county, upon a sale of the lands for non-payment of taxes, under chapter 298, of 1850.

*F. L. Westbrook*, for the appellant.

*Schoonmaker & Linson*, for the respondent.

LEARNED, P. J.:

*First.* The appellant claims that the description in the deed given by the county officials is too indefinite.  It is as follows:

"Sixty acres to be laid out as aforesaid" (that is, at the expense of the grantee) "being in a square form, as nearly as may be, in the north-west corner of lot No. 15 of the Connecticut tract," etc. It appears that lot 15 is oblong; about twenty chains by fifty-one chains. It is nearly rectangular. Its sides run about north-west and south-east. Its ends about north-east and south-west. The plaintiff claims to lay out his sixty acres by running a line, parallel to the north-westerly end, or northerly end, as it might be called. There is a corner which might be called a north corner and another which might be called a west corner. But neither of these is accurately a north-west corner. However, as laid out, the sixty acres lie equally in both these corners; and they are in a square form, as near as may be. We think it plain that, if the sixty acres can be laid out at all, they are properly laid out as claimed by plaintiff. And though the shape is not exactly rectangular, or equilateral, yet it is laid out "in a square form as nearly as may be." The system of such a sale for taxes is to sell a certain quantity of the property. And therefore the number of acres mentioned must control; contrary to the usual rule in cases of conveyances by an owner.

The defendant insists that all which could be taken would be a square, as near as might be in the corner, reaching from that corner half way to the opposite corner. This would be a piece about ten chains square; much less than sixty acres. We think that is not the meaning of the deed; and that the description was sufficiently definite and the land properly laid out by the plaintiff. (*Jackson* v. *Vickory*, 1 Wend., 415; *Bartlett* v. *Judd*, 21 N. Y., 204; *Digert* v. *Pletts*, 25 Wend., 404.)

Next. The defendant insists that the deed from Royce to Hansee did not convey this land. The description is: "Sixty acres in the west part of lot No. 15," "in the Connecticut tract." But it sufficiently appears that, by a conveyance from the heirs and executor of O'Neill, the grantee from the officials, Royce had become the owner of the land conveyed by the tax deed. He had no title to any other land in lot No. 15, except what he bought from O'Neill. And it will be seen on examining the map that the language which describes these acres as being in the west part of No. 15, is quite accurate. It was enough to convey what he had in that lot, not

exceeding sixty acres. And as this was the effect of the deed, proof of his intention, whether properly admitted, or not, could do no harm.

Next. It is not disputed on the argument that the deed is presumptive evidence of regularity. (Laws 1850, chap. 298, § 83; Laws 1866, chap. 820.) The referee holds that no one was in actual occupation at the expiration of the two years. And we see no reason to question the correctness of this finding. (*Smith* v. *Sanger*, 4 N. Y., 576; *Thompson* v. *Burhans*, 79 N. Y., 93.)

Next. The defendant offered to show that he and his grantors had been in uninterrupted possession for twenty-one years immediately prior to the commencement of the action. The objection was made that this was an attempt to set up adverse possession, and that such possession had not been pleaded. Some confusion arises on this point, owing to changes in practice. When, by the Revised Statute, writs of right, etc., were abolished (2 R. S., 343, § 24), and the action of ejectment was not only retained, but was made a substitute for these abolished writs; (2 R. S., 303, § 2) it was provided that the defendant might demur or might plead the general issue only. (2 R. S., 306, § 22.) Hence there could be no plea of the statute of limitations; as it would seem there had been to the writs of right. (3 Bl. Com., 306.) And the defense of adverse possession (2 R. S., 293, 294, §§ 5, 8, 9) was shown under the general issue.

The Revised Statutes, so far as I can discover, made no provision as to the pleading of the statute of limitations in personal actions; leaving this to the old rules of practice. And by these rules, generally, but perhaps not always, the statute must have been pleaded in personal actions.

In the action of ejectment it is sometimes considered that an adverse possession of twenty years in the defendant is not so much a bar to the plaintiff's right of action, as it is an acquisition of title in the defendant. And if such possession shows actual title in defendant, then it might be urged that it is admissible under a general denial. Since the plaintiff must recover on the strength of his own title. But I do not know that adverse possession of land has any other effect than to bar an opposing claimant's action, under Code Civil Procedure (§§ 365, 368). I know of no statute declaring that the possessor acquires title.

Under the Code Civil Procedure the whole subject is under the head of "Limitations of the time of enforcing a civil remedy." This includes not only actions for the recovery of real property, but also actions on a sealed instrument; (sec. 381) as to which by 2 Revised Statutes (301, § 48) there was only a presumption of payment. And as to all these limitations the sweeping provision is made that the objection can be taken only by answer. (Sec. 413.) I do not see how we can except from that section: that part of the chapter which applies to actions to recover real property. And for these reasons I think the judgment must be affirmed, with costs.

LANDON, J. (dissenting):

The plaintiff claims title under a deed given in 1853 by the public authorities, because of the non-payment of taxes assessed upon lot 15, etc. The description is, "sixty acres to be laid out in a square form as nearly as may be in the north-west corner of lot 15," etc.

Lot 15 contains 101 acres. It is nearly rectangular in form; the two sides inclosing the north-west corner being respectively twenty chains and about fifty-one chains in length, and the remaining two sides of about equal length. It is obvious that the largest square that can be laid out within such a lot must be limited to twenty chains square. Such a square would contain forty acres. But the plaintiff has recovered sixty acres, being a rectangle twenty chains by thirty. His title is a tax title, and by it he acquires no more than it actually conveys. As was said in *Tallman* v. *White* (2 N. Y., 70), a tax "sale is a rigorous proceeding. It divests the owner of his title without his consent, and often for a very trivial consideration" — in this case for eighty-three cents. The purchaser is not entitled to invoke for his protection those liberal rules for the interpretation of deeds which obtain between private parties in aid of a grant. (*Jackson* v. *De Lancy*, 13 Johns., 539; *Mason* v. *White*, 11 Barb., 187; *Jackson* v. *Striker*, 1 Johns. Cases, 284; *Jackson* v. *Rosevelt*, 13 Johns., 97; *O'Donnell* v. *Lindsay*, 39 Superior Ct., 537.) A leading rule of the interpretation of the description of land contained in deeds among private parties is, that that which is certain must prevail over that which is less so, and hence quantity, as the

less certain call of the deed, often yields to courses and distances which are more certain, and these again to fixed natural objects which are still more certain. ( *Wendell* v. *The People*, 8 Wend., 183 ;. *Northrop* v. *Sumney*, 27 Barb., 196 ; *Higinbotham* v. *Stoddard*, 72 N. Y., 94.) It is apparent in this case that the quantity is the least certain call of the deed. A square can be laid out embracing the north-west corner, but such a square can contain only forty acres. To give the plaintiff sixty acres he must have a square and a-half, and the deed has not informed us where the half square shall be located. It should be rejected as inconsistent with the certain calls of the deed ; especially so in the case of a tax title, where, for twenty-three years, there was no attempt to locate the land.

The defendant offered, but was not allowed, to prove that he and his grantors had been in the uninterrupted possession of the premises for twenty-one years immediately prior to the commencement of this action, claiming title under a conveyance.

The defendant, by his answer, denied the plaintiff's title; he alleged his possession to be lawful, and alleged valid paper title in one Henry N. Mead, who died, and under his heirs defendant is in possession claiming title.

The exclusion of this testimony is sought to be sustained, upon the ground that the defendant did not plead either the statute of limitations, or adverse possession for twenty years. The statute of limitations, to be made available as a defense, should be affirmatively pleaded. (Code Civil Pro., § 413.) It is a technical defense and bars the plaintiff's suit without disproving his right and without respect to the defendant's right. But adverse possession of sufficient length under a conveyance, disproves the plaintiff's title; it establishes the defendant's right of possession, both of which issues this answer presents. It is not necessary to plead the evidence respecting these issues. The plaintiff must recover upon the strength of his own title. (*Brady* v. *Hennion*, 8 Bosw., 528 ; *Wallace* v. *Swinton*, 64 N. Y., 188.) And therefore defendant may, under the general issue, give in evidence whatever tends to disprove plaintiff's allegation of title in himself. The proof offered " went in denial of the truth of the complaint," and that under the old form of pleadings was the test of the admissibility of evidence under the general issue.

(Gould's Pl., chap. 6, § 44; 1 Chitty Pl., m. p., 497; Tyler Eject., 464; *Boomer* v. *Koon*, 6 Hun, 645; 2 R. S., 306, §§ 22, 23.)

I advise the reversal of the judgment.

Present — LEARNED, P. J.; BOARDMAN and LANDON, JJ.

Judgment affirmed, with costs