IN THE MATTER OF THE APPLICATION OF JOSHUA WADLEY AND JOSHUA L. WADLEY, RESPONDENTS, FOR LEAVE TO ISSUE EXECUTION AGAINST JOSEPH DAVIS, DECEASED, FOR THE SALE OF REAL ESTATE OWNED BY JOSEPH H. DAVIS, LUCY ELLEN DAVIS AND HARRIET A. DAVIS, APPELLANT.

*Special Term — adjournment of, to chambers of the justice — contested motions cannot be brought on at the term held at chambers except by consent — Code of Civil Procedure, secs. 37, 239.*

Contested motions requiring notice cannot be heard at a Special Term adjourned by the justice holding it to his chambers, unless by the consent of all the parties.

The fact that the order adjourning the court to the chambers of the justice stated that it was "for *ex parte* business only," does not prevent the justice from hearing, if he sees fit, contested motions brought on by consent.

APPEAL from an order of the Oswego Special Term, granting leave to issue an execution.

*William Tiffany*, for the appellants.

*Cyrus Whitney*, for the respondents.

SMITH, P. J.:

This is a proceeding under section 1381 of the Code of Civil Procedure. It was commenced by the service of an affidavit, notice of motion and order to show cause, on the appellants personally, on 25th November, 1881, returnable at an adjourned Special Term of this court, at the chambers of one of the justices of the court, at which time and place the order appealed from was made. The only question is, whether the order, being one which could only be made on notice, was properly made at a Special Term held at the judge's chambers and not at the court-house.

The contention of the appellants' counsel is that although under the Code a Special Term of this court may be adjourned to the chambers of any judge of the court residing within the district (sec. 239), yet that no contested matter, requiring notice, whether a trial or a litigated motion, can be brought on at such adjourned term except by consent of all parties.

Section 239 which gives the authority so to adjourn, expressly provides that " an action triable by the court, without a jury, which was upon the calendar of the term before it was adjourned, may be tried at a term so adjourned and held at chambers, by consent of both parties, but not otherwise." Section 37 of the Code provides that "the parties to an action or special proceeding, pending in a court of record, may, with the consent of the judge who is to try or hear it without a jury, stipulate in writing that it shall be tried, or heard and determined, elsewhere than at the court-house." This implies that the several matters to which the section relates cannot be brought on elsewhere than at the court-house except by consent. The section is sufficiently comprehensive to embrace the present case which is a special proceeding (*Marine Bank of Chicago* v. *Van Brunt*, 49 N. Y., 160), and the order under review was made upon the only and final hearing thereof, and is the determination of the same. The reviser's note to section 37 indicates that it was intended as a modified substitute for section 41 of chapter 470, Laws 1847, which contained a like provision in respect to " all cases or proceedings in law or equity in the Supreme Court or County Courts." The only modifications intended, as also appears from the reviser's note, were to extend section 41 so as to include all courts of record and confine it to trials without a jury. Section 41 evidently included contested motions and in that respect it was not intended to be restricted by section 37 of the Code. *Ex parte* motions may, of course, be heard at terms adjourned to the judge's chambers, and contested motions also, by consent, but not otherwise. This construction is reasonable. The statute requires the appointed times and places of holding the terms of court to be published, for the information and convenience of attorneys and suitors, and they are supposed to arrange their business with reference to them. Under section 239, every special term may be adjourned to any future day and to the chambers of any judge within the district, however remote from the county for which the term was originally appointed. If attendance at such adjourned terms could be compelled by notice, much inconvenience, expense and embarrassment to the profession and their clients would be the result, and the object of the statute requiring appointments of terms to be published would be, in a great measure, thwarted. The respondents are not helped by the

order to show cause. That was but a mode of giving notice of the motion and besides no excuse was shown for not giving the usual eight days' notice.

The point was taken by the appellants' counsel that the motion was improperly entertained, for the reason that the order adjourning the court to the judge's chambers, as entered, specified that it was "for *ex parte* business only." That provision was for the judge's convenience only. If he saw fit to hear litigated motions brought on by consent he could do so; but as the statute stands in the way of the present order it mu-t be reversed.

As the question is new, no costs are given.

. Order reversed, without costs to either party.

HARDIN, J., and BARKER, J., concurred.

So ordered.