JOSHUA WADLEY AND JOSHUA L. WADLEY, RESPONDENTS, *v.* JOSEPH DAVIS, NOW DECEASED, JOSEPH H. DAVIS, INDIVIDUALLY AND NOT AS EXECUTOR, HARRIET DAVIS AND LUCY ELLEN DAVIS, APPELLANTS.

*Death of judgment debtor — application for leave to issue an execution upon the judgment — Code of Civil Procedure, sec. 1381 — Contents of the moving papers.*

Upon an application for leave to issue an execution upon a judgment recovered against a person, since deceased, made under section 1381 of the Code of Civil Procedure, an affidavit was presented, made by one of the two plaintiffs in the judgment, in which, after stating that the judgment was recovered by him and

his co-plaintiff, he said " that said judgment is wholly unsatisfied and unpaid and is valid and subsisting."

*Held*, that the affidavit was sufficient to justify the court in granting the application.

It is not necessary that the moving papers should contain a description of all the judgment debtor's lands; and where certain of his real estate is described therein, it is no defense to show that the debtor had other lands not included therein.

APPEAL from an order of the Oswego Special Term, granting a motion for leave to issue an execution against certain property of Joseph Davis, deceased, upon a judgment recovered by plaintiffs against him.

*William Tiffany*, for the appellants.

*Cyrus Whitney*, for the respondents.

HARDIN, J.:

Joshua Wadley, one of the plaintiffs, made an affidavit which was used upon the motion, in which after stating the recovery of a judgment by him, and his co-plaintiff, Joshua L. Wadley, in August, 1873, he says: "*That said judgment is wholly unsatisfied and unpaid and is valid and subsisting.*"

First. Appellants contend that the affidavit is insufficient, because not made by both plaintiffs; and, secondly, because no facts are stated from which it can be seen that the affiant knew that the judgment had not been paid to his co-plaintiff.

Section 1381 of the Code of Civil Procedure provides for proceedings of this character. It declares, viz.: " Leave shall not be granted except upon proof by affidavit, to the satisfaction of the *court, that the judgment remains wholly or partly unsatisfied.*" If we give a strict construction to the word unsatisfied, in the language of the section we have quoted, it would be enough to say that *the record* of the judgment must be shown to be ' wholly or partly unsatisfied' before the order for an execution to issue could be granted. If we give a more extended construction to the word ' unsatisfied' in the section, then we come to the inquiry as to whether the judgment is in fact ' unsatisfied' wholly or in part.

The court is to require proof by affidavit that the judgment "*remains* wholly or partly unsatisfied."

The burden is put upon the judgment creditor of adding to the presumption arising from the judgment, the fact that it remains wholly or partly "unsatisfied" in fact.

In clear positive words the statute permits the proof to be made "by affidavit," thus substituting a secondary method in place of common law proof, and dispensing with the oral examination of the witnesses. The sections 1380 and 1381 seem to be framed in harmony with the idea that the judgment being produced gives rise to the presumption of indebtedness existing at the time of its recovery, and which fact would control proceedings upon it if the debtor was alive. They then require in case of the death of the debtor that application be made to the surrogate who granted letters testamentary, or of administration, and also to the court in which the judgment was recovered, for leave to issue execution, thus giving two opportunities to defend against proceedings for leave to issue execution. The sections gave to the heirs and terre-tenants the right to be heard before their property is allowed to be taken, as did section 376 of the Code of Procedure. (*Wallace* v. *Swinton*, 64 N. Y., 194.)

In the affidavit before us the fact is positively stated, that the judgment remains "wholly unsatisfied and unpaid," and to that is added the fact positively stated, "that the judgment is valid and subsisting." The substantive fact in the affidavit is, that the judgment has not been paid. And we are not to assume that the affiant has intentionally or improperly made the statement, without having due regard to the force of the language used by him.

He states a negative fact, and states it positively. It does not depend upon a succession of facts, as does the question whether a given state of facts give rise to an indebtedness, or another given state of facts give rise to an intention to dispose of property with intent to defraud creditors.

The cases of *Smith* v. *Luce* (14 Wend., 237); *Ex parte Haynes* (18 id., 611); *Smith et al.* v. *Davis* (16 Weekly Dig., 323) are not in point. We are of the opinion that the affidavit produced at the Special Term was sufficient to answer the requirements of section 1381, in regard to the judgment remaining "wholly or partly unsatisfied."

Section 1380 provides that a judgment may be enforced "against

any property upon which it is a lien, with like effect as if the judgment debtor was still living."

The affidavit used furnished a description of certain real estate of the debtor, and we think it is no defense to the application to show that the debtor had other lands upon which the judgment was a lien. There is nothing in the sections regulating the proceedings, requiring a description of all the debtors property to be given before an order is made, that a *judgment be enforced* * * * with like effect as if the judgment debtor was still living. (Secs. 1379, 1380, 1381; *Matter of Clark*, 2 Abb. N. C., 208.)

Mr. Throop says in a note to section 1381, that "the double proceedings are harsh to the judgment creditor," and we do not think we should add to the requirements of the section. Nor do we see how the heirs, or devisees in this case, could be benefited by a more full description in the affidavit of the property upon which the judgment was a lien.

The lien is not taken away or forfeited by the omission, of the affiant, of some portion of the deceased's property from the affidavit. The questions like the one considered on an appeal from a former order in respect to the power of an adjourned term to hear contested motions, are new, and as we then reversed without costs, we may properly here affirm without costs.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed.