Sedgwick, Ch. J.
The action was in the nature of a creditor’s bill, designed to reach real property that had been conveyed by the debtor to the defendant. The plaintiff, in order to succeed in the action, had to prove that an execution had been issued against the debtor’s property and had been returned unsatisfied. Adsit v. Butler, 87 N. Y. 585. An execution had been issued and returned, but it was void. It had been levied on the day of the debtor’s death, and about five hours after his death. Section 1879 of the Code of Civil Procedure forbids that being" done. Wallace v. Swinton, 64 N. Y. 188.
*445 The counsel for respondent invokes the principle by which, in certain cases, courts do not take notice of the fractions óf a day. They do, however, take notice of them when therfe are conflicting rights, for the determination of which it is necessary for them to do so. Broom’s Leg. Max. 134. First and last, the fact that the judgment debtor had died would be decisive that an execution could not issue.
For this reason the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Judgment reversed and new trial ordered, with costs to appellant to abide event.
Freedmah and Mo Adam, JJ., concur.